**REVISED**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-21002
_____


United States of America,

                         Plaintiff-Appellee,

     v.

Danielle Pauline Ravitch,

                         Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

November 7, 1997

Before REYNALDO G. GARZA, KING, and BENAVIDES, Circuit Judges.

PER CURIAM:

     Defendant-appellant Danielle Pauline Ravitch appeals the sentence imposed upon her by the district court after she pled guilty to nine counts of fraud and misuse of social security numbers. In sentencing Ravitch, the district court determined that an upward departure was warranted; it is this upward departure that Ravitch now contests. Finding no plain error in either the decision to depart upward or in the extent of the upward departure, we affirm the judgment of conviction and sentence of the district court.

## I. FACTUAL & PROCEDURAL BACKGROUND

From July to December 1994, defendant-appellant Danielle Pauline Ravitch engaged in a pattern of deceptions involving the use of false and other persons' Social Security numbers in order to mask her poor credit history and to secure credit to purchase automobiles, to qualify for other bank loans, and to obtain an apartment lease. She also stole funds from her employer by creating fictitious owners of mineral leases to whom checks were made payable and by endorsing and depositing those checks in accounts to which she had access.

Ravitch pled guilty to two counts of wire fraud in violation of 18 U.S.C. § 1343, three counts of unlawful use of another person's social security number in violation of 42 U.S.C. § 408(a)(7)(B), one count of filing a false social security card application in violation of 42 U.S.C. § 408(a)(6), two counts of unlawful use of a social security account number obtained with false information in violation of 42 U.S.C. § 408(a)(7)(A), and one count of bank fraud in violation of 18 U.S.C. § 1344. In her plea agreement, Ravitch waived her right to appeal her conviction but retained the right to challenge her sentence.

Prior to sentencing, Ravitch was released on bond on the condition that she refrain from incurring additional credit without the prior approval of her pretrial services advisor. In direct contravention of this agreement, Ravitch purchased a Mercedes-Benz, leaving the dealership a check for the purchase price but requesting that it hold the check until she was able to pay the full amount out of a nonexistent trust fund. In an

attempt to pay the dealership, Ravitch then borrowed $29,000 from a friend under the pretense of needing money to pay her divorce expenses. As a result of this activity, the district court revoked Ravitch's bond and ordered her detained pending sentencing.

Bank fraud, the most serious offense to which Ravitch pled guilty, carries a maximum term of imprisonment of 30 years. See 18 U.S.C. § 1344 (Supp. 1997). The applicable Sentencing Guidelines provision for Ravitch's offenses is § 2F1.1 which addresses offenses involving fraud or deceit. U.S. SENTENCING GUIDELINES MANUAL § 2F1.1 (1995). Section 2F1.1 carries a base offense level of 6, which can then be increased by the specific offense characteristics based upon the amount of loss and on several other factors. Id. Ravitch's Presentence Investigation Report (PSR) stated that the intended loss in her fraudulent scheme was $118,115.63, but this calculation did not include two GMAC automobile loans which were collateralized, two other attempts to secure loans for a Lexus automobile and furniture which also would have been collateralized if the extension of credit had been approved, and another loan for which the application was terminated prior to completion. Additionally, the intended loss calculation did not reflect the six counts of social security fraud on which Ravitch also was convicted.

Under the Sentencing Guidelines, an intended loss of $118,115.63 calls for an increase of 6 points above the base offense level of 6. Id. § 2F1.1(b)(1)(G). On top of this, the

3

district court added 2 points for more than minimal planning pursuant to § 2F1.1(b)(2), giving Ravitch an offense level of 14, which, with a Criminal History Category of I, gave her a sentencing range of 15-21 months of imprisonment. Id. ch. 5, pt. A (Sentencing Tbl.).

At Ravitch's sentencing hearing, the Government moved for a 3-point upward departure

> because the harm caused by the defendant's post-conviction conduct and the synergistic effect of the combination of the defendant's carefully-planned social security fraud offenses with her other offenses of conviction cannot be adequately measured by the "loss" table of USSCGM § 2F1.1(b)(1) and thereby understates the seriousness of her criminal conduct.

The district court declined to depart based upon Ravitch's post-conviction conduct,[1] but it did depart upwards 4 points, yielding a sentencing range of 27-33 months. U.S. SENTENCING GUIDELINES MANUAL ch. 5, pt. A (Sentencing Tbl.) (1995). The district court sentenced Ravitch to 33 months of imprisonment followed by 5 years of supervised release, and it ordered her to pay restitution totaling $86,309.64 to the victims of her offenses. At the sentencing hearing, the court justified this 4-point departure with the following explanation:

> I believe that an aggravating factor not adequately considered by the United States Sentencing Commission pursuant to United States Sentencing Commission Section 5K2 is present. Ms. Ravitch was not banking the loans collateralized or the loans initiated by her but discontinued by her prior to completion; and

---

[1] The district court, having been reversed on what it perceived to be a similar issue, see United States v. Lara, 975 F.2d 1120 (5th Cir. 1992), stated that it did not want to risk another reversal and therefore declined to depart on this basis.

4

for that reason, the loss determined in her fraudulent scheme significantly understates the seriousness of her conduct.

In other words, she went out to get loans, stopped short of actually getting them, but exposed these lending institutions to a great deal of liability. As an example, I just point to the total liability for not reporting to GMAC or the bank that they were seeking a loan from the risk of loss or the exposure these financial institutions faced is not adequately reflected by the actual loss figures.

Pursuant to United States Sentencing Guidelines Section 2F1.1 Application Note 7B [sic], where the loss significantly understates the seriousness of the defendant's conduct, I am going to find that an upward departure is warranted; and, of course, there is also the factor of her pending sentencing on the theft charge in Harris County when she committed the offense, there would be another avenue, pursuant to the Sentencing Commission Guidelines Section 4A1.3 in that regard.

I am going to upwardly depart to a level 18, and with a criminal history category of 1, that would give a guideline provision of 27-33 months.

In its written Judgment, the district court listed the following reasons for departing upward: "The loss significantly understates the seriousness of the [defendant's] conduct. Furthermore, the Criminal History Category does not adequately reflect the seriousness of the [defendant's] past criminal conduct."

Although she failed to object before the district court, Ravitch now argues that the district court's 4-point upward departure to level 18 was not permissible under the Sentencing Guidelines.

## II.  STANDARD OF REVIEW

We generally review a district court's decision to depart from the Sentencing Guidelines for abuse of discretion. <u>Koon v. United States</u>, 116 S. Ct. 2035, 2047-48 (1996).  In this case,

5

however, Ravitch failed to object to the upward departure before the district court, and our consideration of her appeal is therefore limited to plain error review.  Under Federal Rule of Criminal Procedure 52(b), this court may correct forfeited errors only when the appellant shows that (1) there is an error, (2) the error is plain, and (3) the error affects her substantial rights.  United States v. Olano, 507 U.S. 725, 732-35 (1993); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), cert. denied, 513 U.S. 1996 (1995).  If the appellant is able to establish these factors, the decision to correct the forfeited error falls within this court's sound discretion. United States v. McDowell, 109 F.3d 214, 216 (5th Cir. 1997). This court will not exercise its discretion to correct such errors unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  See Olano, 507 U.S. at 735-36; McDowell, 109 F.3d at 216.

This court has noted that plain error involves "a mistake so fundamental as to constitute a 'miscarriage of justice.'"  United States v. Brunson, 915 F.2d 942, 944 (5th Cir. 1990).  As a result, where we have concluded that "[i]f the case were remanded the trial judge could reinstate the same sentence," we have upheld the defendant's sentence although the district court's stated reasons for departing evidence a mistaken application of the Sentencing Guidelines.[2]  Id.

---

[2]    We note, however, that in cases where our consideration of an appeal is not limited to plain error review, "[t]he question is not whether the district court could have chosen the same

6

## III.  DISCUSSION

At Ravitch's sentencing hearing, the district court found that "an aggravating factor not adequately considered" by the sentencing commission was present in this case.  See U.S. SENTENCING GUIDELINES MANUAL § 5K2.0 (1995).  It therefore departed upwards from level 14 to level 18 and sentenced Ravitch to 33 months of imprisonment.  In explaining its departure, the district court referred to two specific sections of the Sentencing Guidelines which it found supported an upward departure, and it alluded to a third reason for departure which it refused to rely on due to its interpretation of this court's precedent.  As we must uphold a sentence reviewed for plain error if the court could lawfully and reasonably reinstate it on remand, we address each of these bases for departure in turn.

### A.  § 2F1.1 Application Note 7(b)

The district court first found that departure was warranted pursuant to § 2F1.1 Application Note 7(b) of the Sentencing Guidelines because some of the loans that Ravitch fraudulently attempted to obtain were not included in the intended loss calculation.  Application Note 7(b) provides that an upward departure may be warranted where the intended monetary loss significantly understates the seriousness of the defendant's conduct.  Id. § 2F1.1 Application Note 7(b).  Ravitch contends that because the additional loans were either uncompleted or

---

sentence, but whether it <u>would</u> have chosen that sentence." <u>United States v. Rogers</u>, No. 96-31113, 1997 WL 641543, at *6 (5th Cir. Oct. 17, 1997) (emphasis added).

fully collateralized, a departure on that basis is not warranted. The government responds that an upward departure was warranted because the base sentence would have failed to account for many of the fraudulent transactions in which Ravitch engaged.

When reviewing a sentence imposed under § 2F1.1 of the Sentencing Guidelines, we grant great latitude to a district court's determination of the amount of loss caused or risked by fraudulent conduct. United States v. Brewer, 60 F.3d 1142, 1145 (5th Cir. 1995). In addition, Application Note 7(b) expressly states that there may be situations in which "the loss determined above significantly understates or overstates the seriousness of the defendant's conduct." U.S. SENTENCING GUIDELINES MANUAL § 2F1.1, Application Note 7(b) (1995). In the instant case, the district court adopted the PSR's finding that the intended loss for which Ravitch must be held accountable amounted to $118,115.63. In addition, the court concurred with the PSR's finding that that amount failed to account for the monetary seriousness of Ravitch's actions, which involved an additional $140,366.37.

In United States v. Bobowick, 113 F.3d 1302 (2d Cir. 1997), the Second Circuit affirmed a 7-point upward departure in the defendant's sentence for wire fraud despite the fact that both sides agreed that the intended loss was zero. Id. at 1303-04. In Bobowick, the pledged collateral would have adequately secured the loan, and the bank discovered the fraud prior to issuing the loan. Id. Nevertheless, the appellate court affirmed the departure pursuant to Application Note 7(b), reasoning that

8

although there was never any actual risk to the lender's money, "the bank was being sucked into a transaction with a person insensitive to his credit obligations and skilled in the extraction of multiple loans from unsuspecting lenders." Id. at 1304. We think that this reasoning applies in the instant case as well. The fact that there was no intended loss from the additional loans does not mean that Ravitch's actions did not constitute serious conduct warranting greater punishment than if she had fraudulently attempted to obtain loans worth only $118,115.63. Thus, in light of the serious and repetitive nature of Ravitch's fraudulent conduct, we cannot say that using this added potential loss as a basis for an upward departure pursuant to Application Note 7(b) constituted plain error.[3]

Ravitch next argues that even if the greater amount of potential loss does provide a basis for an upward departure, it does not warrant a 4-point departure. She relies on

---

[3] Ravitch also argues that the district court failed to consider Application Note 10 in addition to Application Note 7(b). U.S. SENTENCING GUIDELINES MANUAL § 2F1.1 Application Note 7 (b), 10 (1995). She argues that the district court erred in departing upward because none of the factors relied upon by the district court rise to the level of the factors listed in Application Note 10. Ravitch's argument is without merit.

Application Note 10 applies to situations in which "the loss determined under subsection (b)(1) does not fully capture the harmfulness and seriousness of the conduct" and contemplates departure based on harm that is not financial in nature. Id. § 2F1.1 Application Note 10. In contrast, Application Note 7(b) provides for an increase in the sentence when the intended loss calculation understates the monetary seriousness of the defendant's conduct. Id. § 2F1.1 Application Note 7(b). The two provisions are independent of one another, and the district court need not find that one of the factors listed under Application Note 10, or a similarly serious non-monetary factor, is present in order to justify an upward departure pursuant to Application Note 7(b).

§ 2F1.1(b)(1)(I), which permits the addition of 8 points to the defendant's base offense level where the intended loss is between $200,000 and $350,000.  U.S. SENTENCING GUIDELINES MANUAL § 2F1.1(b)(1)(I) (1995).  Ravitch argues that even if she had actually put the entire $258,482.00 at risk, her total sentence would be increased by only 2 points because a 6-point increase for the $118,115.63 already had been included.  Id. § 2F1.1(b)(1)(G).  Because we conclude that the district court also was entitled to depart on other bases, we need not determine whether a departure of more than 2 points under Application Note 7(b) would constitute plain error.  Instead, we assume for purposes of this review that the district court departed upwards by only 2 points as permitted by § 2F1.1(b)(1)(I), leading to an offense level of 16.

**B.  § 4A1.3(d)**

In addition to § 2F1.1 Application Note 7(b), the district court noted that departure also was permissible pursuant to § 4A1.3 because Ravitch committed the charged conduct while awaiting sentencing for a state theft conviction.  Id. § 4A1.3(d).  Section 4A1.3(d) allows for an increase in the defendant's sentence where the assigned criminal history category does not adequately reflect the seriousness of the defendant's conduct.  Id.  Ravitch claims that any departure that the district court made on this basis constituted plain error because the district court implemented its departure by increasing Ravitch's offense level rather than her criminal history

10

category.

A district court may depart from the range provided by the Sentencing Guidelines "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes," including "whether the defendant was pending trial or sentencing on another charge at the time of the instant offense." Id. § 4A1.3. In contemplating a departure on this basis, § 4A1.3 explicitly notes that adjustments should be made by increasing the defendant's criminal history category. See id. ("In considering a departure under this provision, the Commission intends that the court use, as a reference, the sentencing range for a defendant with a higher or lower criminal history category, as applicable." ).

According to § 4A1.1, which addresses the defendant's baseline criminal history category, Ravitch's criminal history score would have been increased by 2 points if she had already been sentenced in the theft case when she committed the instant offenses. Id. § 4A1.1. Analogizing to that section, the district court could reasonably add 2 points to her criminal history score pursuant to § 4A1.3(d). Such a departure would have raised Ravitch's criminal history category to II, which, in addition to an offense level of 16 discussed above, would have resulted in a sentencing range of 24-30 months of imprisonment. Id. ch. 5 pt. A (Sentencing Tbl.).

11

Thus, the factors explicitly relied upon by the district court do not adequately account for the 33-month sentence that the defendant received. Nevertheless, as we noted above, where an issue is not raised in the court below, we review the claim on appeal only for plain error. See McDowell, 109 F.3d at 216. Reviewing for plain error, we will uphold a defendant's sentence if on remand the district court could reinstate the same sentence by relying on a reasonable application of the Sentencing Guidelines. See Brunson, 915 F.2d at 944. We therefore turn to the Government's argument that Ravitch's conduct while released on bond supplies another ground for departure.

## C. Ravitch's Conduct While Released on Bond

Although the Government requested a departure on the basis of Ravitch's post-conviction conduct while released on bond, the district court refused to depart on that basis because it interpreted this court's decision in United States v. Lara, 975 F.2d 1120 (5th Cir. 1992), to preclude upward departures based on a defendant's post-conviction conduct. In Lara, we held that a district court may not enhance a sentence based on a defendant's conviction for another offense while released on bond for the first offense because that would lead to the anomalous result of "subjecting an offender to risk of enhancement of her sentence for the first offense simply because it happens to be adjudicated after the second conviction." Id. at 1129.

In the instant case, the Government moved for enhancement on the basis of Ravitch's uncharged post-conviction conduct that was

12

expressly forbidden by her bond agreement. This court has approved of enhancements pursuant to § 5K2.0 of the Sentencing Guidelines based on the defendant's "continuing unlawful behavior" while released on bond. United States v. Sanchez, 893 F.2d 679, 681 (5th Cir. 1990); see also United States v. George 911 F.2d 1028, 1031 (5th Cir. 1990) (affirming upward departure based on defendant's unauthorized travel out of state between sentencing and conviction).

In approving upward departures based on a defendant's conduct while released on bond, this court has noted that

> [m]aking an upward adjustment to account for acts committed while on bond is similar to making an upward adjustment because the criminal history category does not "adequately reflect . . . the likelihood that the defendant will commit other crimes" or due to "prior similar adult conduct not resulting in criminal conviction."

Sanchez, 893 F.2d at 681. Thus, a district court should use the next higher criminal history category when it determines that the applicable category does not adequately reflect a defendant's criminal history. On this basis, the district court reasonably could have determined that Ravitch's criminal history category should be increased to III. A criminal history category of III, paired with an offense level of 16, yields a sentencing range of 27-33 months of imprisonment. Noting that "[t]he only remedy for this defendant is to remove her from society for as long as possible" and thus remove her from the temptation of engaging in fraudulent conduct, the district court sentenced Ravitch to 33 months of imprisonment.

13

Although the district court may have been mistaken in its method of departure, the departure did not substantially affect Ravitch's rights because, had the district court departed in the correct manner, the same sentence could have been imposed. We therefore conclude that any error committed by the district court does not rise to the level of plain error. See Olano, 501 U.S. at 732-35. As a result, we are without discretion to remand the case for resentencing.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of conviction and sentence of the district court.

14