IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20268
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JUAN ALBERTO VASQUEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-725-1
--------------------
December 11, 2002

Before JOLLY, DAVIS, and JONES, Circuit Judges.

PER CURIAM:[*]

    Juan Alberto Vasquez appeals the 60-month sentence imposed
following his entry of a guilty plea to a charge that he violated
8 U.S.C. § 1326 by illegally reentering the United States
following deportation and subsequent to a conviction for an
aggravated felony.

    Vasquez asserts that the district court did not comply with
FED. R. CRIM. P. 32(c)(3)(A) and committed reversible error when

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

it did not verify that he and his attorney had read and discussed the presentence report ("PSR"). He asserts that the district court's omission was plain error that affected his substantial rights. He makes this assertion notwithstanding the fact that he does not contest the correctness of the PSR and fails to allege any prejudice whatsoever.

Vasquez contends also that noncompliance with FED. R. CRIM. P. 32(c)(3)(A) is reversible error per se. Vasquez concedes, however, that this argument is foreclosed by our opinion in United States v. Esparza-Gonzalez, 268 F.3d 272, 274 (5th Cir. 2001), cert. denied, 122 S. Ct. 1547 (2002), and he admits that he raises the argument only to preserve the issue for Supreme Court review.

We review Vasquez's contention that the district court did not comply with FED. R. CRIM. P. 32(c)(3)(A) and that the lack of compliance affected his substantial rights for plain error. Esparza-Gonzalez, 268 F.3d at 274.

Vasquez does not contend that he did not read and discuss the PSR with defense counsel, and he does not assert that the criminal history in the PSR contained factual inaccuracies that he could have challenged and, if corrected, would have resulted in a more lenient sentence. "We must uphold a sentence reviewed for plain error if the court could lawfully and reasonably reinstate it on remand." United States v. Ravitch, 128 F.3d 865, 869 (5th Cir. 1997). Vasquez has not shown that any error

affected his substantial rights.  Esparza-Gonzalez, 268 F.3d at 274.  This is a frivolous issue.

Vasquez contends that the sentencing provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  He concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review.

Apprendi did not overrule Almendarez-Torres.  Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  We must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984.  Accordingly, the district court's judgment is AFFIRMED.