IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 01-21211
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL ACEVEDO-HERNANDEZ, also known as Rafael Acevedo,
also known as David Castro-Paz,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-117-ALL
--------------------
December 12, 2002

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Rafael Acevedo-Hernandez ("Acevedo") appeals the 37-month sentence imposed following his guilty plea to a charge that he violated 8 U.S.C. § 1326 by illegally reentering the United States after having been deported following an aggravated felony conviction. Acevedo first argues that the district court's failure to determine that he and his counsel had read and discussed the presentence report (PSR) was a violation of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

FED. R. CRIM. P. 32(c)(3)(A) which constituted plain error.  As Acevedo acknowledges, in <u>United States v. Esparza-Gonzalez</u>, 268 F.3d 272, 273-74 (5th Cir. 2001), <u>cert.</u> <u>denied</u>, 122 S. Ct. 1547 (2002), this court rejected the suggestion that it should treat a Rule 32(c)(3)(A) error "as a structural defect, requiring automatic reversal," and held that where an issue of noncompliance with Rule 32 was not raised in the district court, this court could "correct the error only if the error was plain and affected the applicants' substantial rights."  <u>Esparza-Gonzalez</u>, 268 F.3d at 273-74.

Acevedo attempts to meet this difficult standard by arguing that it can be logically inferred, from the fact that arguments at his sentencing hearing focused on his criminal history, that the district court's selection of the maximum term of imprisonment under the Sentencing Guidelines was influenced by his criminal history.  Acevedo argues that the failure of the district court to ascertain that he had read and reviewed with counsel the PSR discussing his criminal history affected his substantial rights.

Acevedo does not contend that he did not read and discuss his PSR with defense counsel and does not assert that the criminal history in the PSR contained factual inaccuracies that he could have challenged and, if corrected, would have resulted in his receiving a lesser sentence.  "We must uphold a sentence reviewed for plain error if the court could lawfully and

reasonably reinstate it on remand." <u>United States v. Ravitch</u>, 128 F.3d 865, 869 (5th Cir. 1997). Acevedo has failed to make the showing required under the plain error standard. <u>See</u> <u>Esparza-Gonzalez</u>, 268 F.3d at 273-74; <u>Ravitch</u>, 128 F.3d at 869. This is a frivolous issue.

Acevedo also argues that the sentencing provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). He concedes that this argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review. <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>See Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1202 (2001). This court must follow the precedent set in <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>Dabeit</u>, 231 F.3d at 984 (internal quotation and citation omitted).

AFFIRMED.