**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

**No. 02-40706
Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JOSE MARCOS VELA-TORRES,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Southern District of Texas
(B-01-CR-621-1)**

February 19, 2003

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jose Marcos Vela-Torres appeals from his guilty-plea conviction of possession of, with intent to distribute, approximately 91 kilograms of marijuana, in violation of 21 U.S.C. § 841.

Vela-Torres contends the district court committed reversible plain error by assigning one criminal history point for a sentence imposed more than ten years before commencement of the instant offense. *See* U.S.S.G. § 4A1.1, cmt. n. 3. This error, however,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

did not affect Vela-Torres' guidelines range.  Because the district court could "lawfully and reasonably" impose the same sentence on remand, Vela-Torres has not shown that this mistake constitutes plain error.  *See* **United States v. Ravitch**, 128 F.3d 865, 869 (5th Cir. 1997).

Vela-Torres maintains that 21 U.S.C. § 841 is unconstitutional in the light of **Apprendi v. New Jersey**, 530 U.S. 466 (2000).  As Vela-Torres concedes, his contention is foreclosed by circuit precedent, *see* **United States v. Slaughter**, 238 F.3d 580, 582 (5th Cir. 2000), *cert. denied*, 532 U.S. 1045 (2001); instead, he raises the issue to preserve it for Supreme Court review.

Vela-Tores' final contention, that the judgment inaccurately reflects he must pay a $100 special assessment, lacks merit.  The judgment reflects that the assessment was remitted.

*AFFIRMED*