**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 11, 2002**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 02-20077
Conference Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LLEWELLYN OKEITH PISTOLE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-634-1
--------------------

Before JOLLY, DAVIS, and JONES, Circuit Judges.

PER CURIAM:[*]

Llewellyn Okeith Pistole appeals his sentence following his
guilty plea to one count of bank robbery. It is undisputed that
the district court did not specifically inquire whether Pistole
read the presentence report ("PSR") and discussed it with his
counsel, and that no "reasonable inference" can be drawn that the
court verified that Pistole had read and discussed the PSR. See
FED. R. CRIM. P. 32(c)(3)(A); United States v. Esparza-Gonzales,
268 F.3d 272, 274 (5th Cir. 2001), cert. denied, 122 S. Ct. 1547

————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

(2002).  Pistole does not contend that he did not read the PSR, only that the court's failure to ascertain that he read it caused him prejudice.  Neither does he challenge the contents of the PSR.

We review Pistole's claim only for "plain error" because Pistole did not object to the omission in the district court. Id.  To reverse under plain-error review, the error must be clear and obvious, it must affect the defendant's substantial rights, and a failure to correct the error must seriously affect the fairness, integrity, or public reputation of the judicial proceedings.  See United States v. Calverley, 37 F.3d 160, 162 (5th Cir. 1994).

There is no indication that verification that Pistole himself read the PSR would have made the slightest difference in his sentence.  See United States v. Ravitch, 128 F.3d 865, 869 (5th Cir. 1997) (noting that, under plain-error review, it is pointless to remand if the district court could have imposed the same sentence).  In sum, this appeal is frivolous and is therefore DISMISSED.

DISMISSED AS FRIVOLOUS.