**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4436**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICHARD L. FULTON, a/k/a Brandon B.
Washington, a/k/a Kevin, a/k/a Kev,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg. James H. Michael, Jr.,
Senior District Judge. (CR-01-75)

Submitted: January 15, 2004      Decided:  January 27, 2004

Before WIDENER and TRAXLER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Roland M.L. Santos, Harrisonburg, Virginia, for Appellant. John L.
Brownlee, United States Attorney, William F. Gould, Assistant
United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Richard Leroy Fulton appeals his convictions and sentence entered after his guilty plea to conspiracy to distribute and to possess with intent to distribute cocaine and possession of a firearm by a felon. On appeal, Fulton contends that (1) the district court erred in denying his motion to withdraw his guilty plea; (2) the district court improperly failed to rule upon his pro se motion based on ineffective assistance of counsel; and (3) his criminal history was improperly calculated. Because each of the claims raised by Fulton is without merit, we affirm.

Fulton's motion to withdraw his plea alleged that his Fed. R. Crim. P. 11 colloquy was improper because the court failed to inform him of the nature of the charges against him and failed to require him to describe his participation in the conspiracy. We review the district court's denial of the motion to withdraw the plea for abuse of discretion. United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996). Contrary to Fulton's arguments, at his Rule 11 hearing, he was informed of the elements of each of the charges against him and of the evidence that the Government would produce at trial, and he stated that he understood and agreed. Thus, there was no abuse of discretion in denying Fulton's motion.

Next, Fulton alleges that the district court failed to rule on his pro se motion to withdraw his guilty plea based on ineffective assistance. Specifically, he claimed that his attorney

assured him that he would not receive a role enhancement. However, since Fulton described his pro se motion as an addendum to his counsel's motion, the district court's denial of the motion to withdraw covered both the counseled and pro se portions. In any event, because Fulton testified at his Rule 11 hearing that he was fully satisfied with his attorney and that there were no promises or assurances made regarding his sentence, there was no abuse of discretion in denying Fulton's pro se motion.

Finally, Fulton contends that his criminal history calculation improperly included one point for a conviction that was part of the same transaction as the federal charges to which Fulton pled guilty. Because this claim is raised for the first time on appeal, we review only for plain error. United States v. Ravitch, 128 F.3d 865, 869 (5th Cir. 1997). Reviewing for plain error, we will uphold a defendant's sentence if, on remand, the district court would reinstate the same sentence. Id. Because Fulton's criminal history category would not change even if one point were removed from the calculation, there was no plain error.

Accordingly, we affirm Fulton's convictions and sentence. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -