United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41161
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO ALBERTO PENA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-03-CR-276-1
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Mario Alberto Pena appeals following his guilty-plea

conviction and sentence for being a felon in possession of a

firearm, in violation of 18 U.S.C. § 922(g)(1). Pena challenges

the district court's upward departure on the basis that his

criminal history score under-represented his criminal history.

Because Pena did not object to the district court's departure at

--------------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

sentencing, our review is for plain error.  See <u>United States v.</u>
<u>Ravitch</u>, 128 F.3d 865, 869 (5th Cir. 1997).

Pena argues that his sentence must be vacated because the district court failed to state its reasons on the record for rejecting an intermediate criminal history category before departing upward from category IV to category VI.  He also argues that his criminal history category IV did not significantly under-represent his criminal history.  The district court held that a departure was warranted because 1) the criminal history score did not reflect Pena's likelihood for recidivism; 2) Pena had an extensive juvenile record for which he received no criminal history points; and 3) Pena had numerous convictions as an adult but continued to violate the law in a violent manner. We conclude that there is no plain error in the district court's departure.  See <u>United States v. Lambert</u>, 984 F.2d 658, 662-63 (5th Cir. 1993)(en banc); U.S.S.G. § 4A1.3.

Pena also argues for the first time on appeal that the Government breached the plea agreement because it did not orally recommend that he be sentenced at the low end of the applicable guideline range.  The terms of Pena's plea agreement and the Government's recommendation are set forth in the presentence report, however, and there is no plain error.  See <u>United States</u>
<u>v. Reeves</u>, 255 F.3d 208, 210 (5th Cir. 2001).

AFFIRMED.