**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 30, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41580
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SEBASTIAN GARCIA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-03-CR-209-1
--------------------

Before SMITH, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Sebastian Garcia appeals the sentence he received following entry of his guilty plea to a charge of possession with intent to distribute more than fifty kilograms of marijuana. The district court upwardly departed from the applicable Sentencing Guideline range and sentenced Garcia to 240 months of imprisonment and six years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Garcia argues that the upward departure was an abuse of discretion. He contends that the district court "removed itself from the position of impartial fact-finder," assumed the role of an advocate, demonstrated a lack of impartiality, and encouraged the Assistant United States Attorney to "back away from her earlier [sentencing] recommendation of 151 months." He does not challenge as unacceptable the district court's stated reasons for the departure, nor does he challenge the extent of the upward departure as unreasonable.

Because Garcia did not object in the district court to the upward departure, our review is limited to plain error. See United States v. Ravitch, 128 F.3d 865, 869 (5th Cir. 1997). Garcia must show an error that is plain and that affected his substantial rights. Ravitch, 128 F.3d at 869. If Garcia makes this showing, we may exercise discretion and correct the forfeited error if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (citations omitted).

The district court should "never evince or appear to evince partiality to one side over the other." United States v. Davis, 285 F.3d 378, 381 (5th Cir. 2002). A review of the record reflects that the presentence report alerted the district court that an upward departure was warranted. The district court relied on the grounds identified in the presentence report to justify the departure, which Garcia verified were correct. The district court did not encourage the Government to abandon its sentencing

recommendation; the Government changed its position when it realized that Garcia's plea agreement did not obligate it with respect to the sentence. Garcia has not shown error, much less plain error, concerning the upward departure to 240 months of imprisonment. See Ravitch, 128 F.3d at 869.

"[A] defendant with no prior felony drug conviction is 'required to receive a supervised release term of not less than nor more than three years.'" United States v. McWaine, 290 F.3d 269, 277 (5th Cir. 2002) (citation omitted); see 21 U.S.C. § 841(b)(1)(C). Although Garcia did not raise this issue, we have the discretion to sua sponte modify the term of supervised release. McWaine, 290 F.3d at 277. Accordingly, Garcia's term of supervised release is MODIFIED to three years.

The conviction and sentence are AFFIRMED AS MODIFIED.