United States Court of Appeals
Fifth Circuit

**F I L E D**

May 22, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-30537
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

KENNETH LUIS SHUTT, also known as Kenneth L. Shutt,

Defendant-
Appellant.

-------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:04-CR-26-1
-------------------------------------------------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Kenneth Luis Shutt appeals his conviction for bank fraud and theft in connection with a health

care benefit program. He raises two issues in this appeal.

First, Shutt contends that the district court improperly increased his base offense level by 16

points under U.S.S.G. § 2B1.1. based on a finding that Shutt caused an "intended loss" of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

$1,500,000. Shutt asserts that his subjective intent had to be established in order to prove the amount of any intended loss. Shutt alleges that (1) the district court failed to cite any evidence to support its finding that Shutt's intended loss was $1,500,000; (2) there was no such evidence in the presentence investigation report (PSR), the plea agreement, or the factual basis; and (3) he did not intend to cause any loss. Therefore, Shutt argues that actual loss, not intended loss, should have been used to enhance his offense level under § 2B1.1.

Even though the Guidelines are advisory after *United States v. Booker*, 543 U.S. 220, 245 (2005), this court continues to review factual findings with respect to the application of adjustments for clear error. *United States v. Villanueva*, 408 F.3d 193, 203 & n.9 (5th Cir.), *cert. denied*, 126 S. Ct. 268 (2005). The sentencing court's interpretation and application of the Guidelines is still reviewed *de novo*. The amount of loss is a factual finding reviewed for clear error; the method by which losses are determined is reviewed *de novo*. *United States v. Deavours*, 219 F.3d 400, 402 (5th Cir. 2000). This court gives "great latitude" to the district court's determination of loss. *United States v. Ravitch*, 128 F.3d 865, 870 (5th Cir. 1997).

In the factual basis for his plea, Shutt admitted that, at all relevant times, he was an owner, the secretary-treasurer, and the chief financial officer of Ascension Enterprises, Inc. (Ascension). He also admitted to a course of conduct in which he fraudulently obtained three lines of credit for Ascension at three separate banks. He further acknowledged that he fraudulently induced Business Bank to extend the maturity date on a $1,500,000 line of credit to Ascension. Finally, at sentencing, Shutt admitted that he "intended to . . . borrow the money fraught with fraudulent representations, but to repay it" and argued that "the amount should be what is reasonably foreseeable as a result of his offense rather than what is the maximum possible loss."

In compliance with Fed. R. Crim. P. Rule 32(i)(3)(B), the district court addressed Shutt's objection to the PSR's finding that Shutt should be held responsible for a loss of $1,500,000. *United States v. Medina*, 161 F.3d 867, 875-76 (5th Cir. 1998). After considering Shutt's objection, the district court concluded that Shutt wanted to be sentenced based on the actual loss. However, the court recognized that under § 2B1.1 loss is the greater of the actual loss or the intended loss. The court then found that the intended loss was $1,500,000 based on the maximum line of credit obtained through Shutt's "perpetration of the series of frauds that were done in this case . . . before the scheme began to unravel." Based on this finding, the court overruled Shutt's objection. Because Shutt admitted to placing $1,500,000 at risk based on his fraudulent representations, the district court did not clearly err when it determined that Shutt's intended loss was $1,500,000. *United States v. Pennell*, 409 F.3d 240, 244 (5th Cir. 2005).

Second, Shutt contends the district court violated the principles set forth in *Booker* when it determined that his intended loss was $1,500,000 because this amount of loss allegedly was not proven beyond a reasonable doubt or admitted by Shutt. In *Booker*, the Supreme Court found that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244.

In the factual basis to his plea, Shutt admitted that he fraudulently obtained three lines of credit, including the $1,500,000 line of credit from Business Bank. Because Shutt admitted this fact which was used to enhance his sentence, the district court did not commit *Booker* error. *See Booker*, 543 U.S. at 244.

For the foregoing reasons, Shutt's sentence is AFFIRMED.