**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 14, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-40409

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

                    v.

MANOLO GONZALEZ,

                    Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
Criminal Action No. L-95-042

_____

Before JOLLY, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

**I**

    On November 11, 1995, Manolo Gonzalez, then eighteen years

old, was arrested by the U.S. Border Patrol.  On November 22,

1995, Gonzalez was indicted for violating 21 U.S.C. §§ 841(a)(1),

(b)(1)(B), 846, 952(a), 960(b)(2), 963, and 18 U.S.C. § 2.

Gonzalez was released on bond and failed to appear for pre-trial

proceeding, and as a result was charged with failure to appear.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

A warrant was issued for his arrest.  Nearly ten years later, Gonzalez voluntarily surrendered.

The Government agreed to dismiss the underlying controlled substance charges and prosecuted Gonzalez on the failure to appear charge only, to which Gonzalez pled guilty.  The PSR recommended a nine-level increase in Gonzalez's base offense level pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 2J1.6(b)(2)(A), due to the fact that the underlying offense was punishable by fifteen or more years of imprisonment.  The original PSR calculated a total offense level of 15 and found Gonzalez had a criminal history category of I.  Gonzalez later was given a two-level reduction for acceptance of responsibility, which resulted in a Guidelines range of twelve to eighteen months of imprisonment and two to three years of supervised release.

The district court upwardly departed from the Guidelines range.  It noted that the other four co-defendants in the underlying controlled substance offense received sentences ranging from 52 to 78 months of imprisonment.  It found that if Gonzalez had been convicted on the underlying offense, he would have faced 46 to 57 months of imprisonment even with the downward adjustments for safety valve and acceptance of responsibility.  The district court stated that it was willing to consider a sentence below what Gonzales would have received for the underlying offense, but not the short six-month sentence

requested by defense counsel.  Defense counsel pointed out that there was no evidence that Gonzalez would have been found guilty of the charges.  The court replied:

> Okay.  But then he should have stayed and found out.  You know, because the bonus you got is that they just dropped the drug case and probably the witnesses, who knows, the agents may have all retired, been transferred and they may have had to throw away all the evidence.

> You know, ten years is a long time.  So, you know, you got a tremendous windfall for running, and that's a bad signal to send out to the world.

> Just run to Mexico and if you wait enough time you will get six months in a major drug deal.  That's hard for me to accept.

The district court stated that the circumstances would have been different had the controlled substance charges not been dropped.  It imposed 36 months of imprisonment, three years of supervised release, and 100 hours of community service, stating that this was a "reasonable and fair disposition."  The court noted that this sentence was lower than any sentence Gonzalez could have received had he stayed to face the underlying charges.

In its written statement of reasons, the district court cited U.S.S.G. § 5K2.21 as the basis for its departure from the Guidelines range recommended by the PSR.  See § 3553(c)(2) (requiring the court's reasons for departure to be stated with specificity in the written judgment.)  Pursuant to § 5K2.21, a court may take into account the conduct involved in an underlying charge that is dismissed as part of a plea agreement, when the conduct was not used in determining the applicable Guidelines

range.  The district court also noted as an additional reason for departure, that "[t]he defendant absconded from a serious drug offense in which co-defendants received no less than 52 months custody."  Finally, the court stated that the Guidelines adequately addressed the § 3553(a) sentencing factors.

Gonzalez timely appealed.

## II

Gonzalez contends that his sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 543 U.S. 220 (2005), because the district court increased his punishment based on the underlying drug charge, the facts of which were not found by a jury beyond a reasonable doubt and to which he did not admit.  He also argues that the PSR already took account of the underlying charge in the determination of the applicable Guidelines range, and that the district court was precluded from upwardly departing from the Guidelines range based on the underlying charge.[1]  The Government asserts that, because the district court imposed sentence under advisory Guidelines and exercised its discretion to depart upwardly, there was no Booker violation.  It also argues that the district court departed from

---

[1] In summarizing his argument, Gonzalez identifies another issue: whether the district court violated his rights to trial, confrontation, and due process with respect to the underlying drug charges.  Gonzalez has waived this argument by not supporting it with any authority or including it in the body of his brief.  See United States v. Thames, 214 F.3d 608, 611 n.3 (5th Cir. 2000) (holding that the appellant waived an argument listed only in his summary of the argument).

4

the Guidelines based on § 3553(a)(2).

Gonzalez was sentenced shortly after Booker was issued. Although he objected before the district court that he had not been convicted of the controlled substance charge, he did not complain that he was being punished for conduct not found beyond a reasonable doubt or in violation of his right to a jury trial; nor did he complain that the PSR had already taken into account the underlying charge when determining the applicable Guidelines range. Because he did not adequately preserve his appellate arguments before the district court, plain error review applies. See United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). To establish plain error, Gonzalez must show: (1) error; (2) that is plain; (3) that affects his substantial rights; and (4) that affects the fairness, integrity, or public reputation of judicial proceedings. Id.

Gonzalez's double-counting argument fails: the increase in offense level pursuant to § 2J1.6 does not preclude the district court's upward departure under § 5K2.21, because the former punishes defendants like Gonzalez from failing to appear at trial while the latter allows upward departures based on the conduct underlying the dismissed charge. See U.S.S.G. § 2J1.6 cmt. background (2005); United States v. Harper, 932 F.2d 1073, 1077 (5th Cir. 1991). Yet, the district court's citation to § 5K2.21 in its written statement of reasons is problematic because the record does not support a finding that Gonzalez engaged in any

5

specific conduct alleged in the dismissed charges. Upward departures based on § 5K2.21 require a finding that the defendant engaged in the conduct underlying the dismissed charges. See United States v. Bailey, 169 Fed. App'x 815, 825 (5th Cir. 2006) (holding that uncharged conduct described in PSR and which was discussed by the court at sentencing was sufficient to support an upward departure under § 5K2.21). The PSR does not describe the facts of the underlying offense, but merely states that Gonzalez was arrested by border patrol agents "as part of a drug smuggling organization." At sentencing, defense counsel stated that he had spoken with the prosecutor for the underlying charges and was told that Gonzalez "was a passenger in a vehicle that left the house." The district court never found that Gonzalez had engaged in the conduct that formed the basis of the underlying drug charges, and the court did not sentence Gonzalez for the underlying drug charges. Rather, the district court used the sentence Gonzalez potentially could have received had he been convicted of those charges in determining the sentence to impose for his failure to appear for trial on the underlying charges.

However, the record does support the upward departure based on aggravating facts, which warrant an upward departure under 18 U.S.C. § 3553 and U.S.S.G. § 5K2.0. In United States v. Saldana, we stated that a district court "does not abuse its discretion in deciding to upwardly depart when its reasons for doing so (1) advance the objectives set forth in 18 U.S.C. § 3553(a)(2)" and

6

(2) "are justified by the facts of the case." 427 F.3d 298, 310

(5th Cir. 2005) (citing 18 U.S.C. § 3742(j)(1)). Further,

> Although Booker excised § 3553(b), the directive to consider the heartland of an offense and enumerate particular reasons for a departure from the sentencing range lives on in U.S. Sentencing Guideline § 5K2.0 and, implicitly, in § 3553(a)'s requirement that the court consider the guidelines and the appropriate sentencing range and § 3553(c)'s requirement that the court enumerate reasons for sentencing without the range.

Id. at 310 n.46. Though the district court did not specifically cite to § 3553(a)(2), the reasoning behind the court's decision involved consideration of approved factors under this section, including the nature and circumstances of the offense, as well as the need to provide just punishment and to promote adequate deterrence to criminal conduct.[2] This reasoning supports the district court's upward departure, which was well within the statutory limit.

Section 5K2.0 provides that a district court may depart from the Guidelines where it determines that there exist "an aggravating circumstance[] of a kind or to a degree not adequately taken into consideration" by the Guidelines. U.S.S.G. § 5K2.0(a)(1). The district court calculated the applicable Guidelines range for the failure-to-appear offense but determined that this range was not reasonable under the circumstances. The

---

[2] While the written order identified § 5K2.21 as the basis for the sentence, it also stated that "[t]he defendant absconded from a serious drug offense in which co-defendants received no less than 52 months custody."

court considered the fact that the co-defendants in Gonzalez's case who did not flee received significantly higher sentences, that Gonzalez would have faced a sentence of at least 37 to 46 months has he been convicted of the drug charges, the amount of time for which Gonzalez had absconded, the detrimental effect that this may have had on the evidence against him, and the fact that imposing a much lower sentence would result in a windfall to Gonzalez for fleeing, which might encourage other criminals to abscond in hopes of reducing any future punishment. The district court imposed a 36-month sentence, just below the sentence Gonzalez could have received on the drug charges that were dismissed.

Gonzalez cannot demonstrate plain error because he did not show that his substantial rights were affected. Although the upward departure is not justified under § 5K2.21, it is proper under § 5K2.0l; nor is there anything in the record to indicate the district court would have sentenced him differently.[3]

---

[3] Recently, in United States v. Jones, we noted the tension in our decisions with regard to the third prong of the plain error test. 444 F.3d 430, 437-38 (5th Cir. 2006). In the context of a district court misapplying the Guidelines in its written statement of reasons, we have upheld the defendant's sentence because the trial judge could reinstate the same sentence. Id. (citing United States v. Ravitch, 128 F.3d 865, 869 (5th Cir. 1997)). In the context of misapplication or misinterpretation of an enhancement under the Guidelines, we inquired whether, but for the district court's misapplication of the Guidelines, it was reasonably probable the defendant would have received a lesser sentence. Id. (citing United States v. Villegas, 404 F.3d 355, 364 (5th Cir. 2005) (finding that defendant satisfied the third prong of the plain error test)).

Because "the requirement that a district court write down its reason for imposing a departure from the [G]uidelines range remains binding [post-<u>Booker</u>]," <u>Saldana</u>, 427 F.3d at 310 n.48, we REMAND to the district court to amend the sentencing order consistent with this opinion. See <u>United States v. Zuniga-Peralta</u>, 442 F.3d 345, 349 n.3 (5th Cir. 2005) ("[W]ere we to conclude that the court did not sufficiently comply with § 3553(c) and was required to restate its reasons for departure in the written judgment and commitment order, the remedy here would be not a vacating of the sentence, but a remand for correction of the written judgment. The clarity and correctness of the court's reasoning supporting departure leave no room to require resentencing.").

---

In the instant case, the district court could impose the same sentence on remand, and it is not reasonably probable that Gonzalez would receive a lesser sentence on remand; therefore, as in <u>Jones</u>, we need not delve into the question whether the two "can be harmonized or which standard governs." <u>Id.</u> at 438.