United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 6, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 06-50374
Summary Calendar

———————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ANTHONY BRYAN NAPOLEON,

                              Defendant-Appellant.

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:05-CR-392

———————

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

      Anthony Bryan Napoleon appeals a twelve-month sentence imposed by the magistrate judge pursuant to 18 U.S.C. § 3401(a) following Napoleon's guilty plea to stealing Government property valued at less than $1000.  Napoleon appealed to the district court, which affirmed the sentence.

      Napoleon argues that his sentence must be vacated because it is above the advisory sentencing Guidelines range, the magistrate judge stated in writing that the sentence was within the

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

advisory Guidelines range, and the magistrate judge offered no reasons for selecting the sentence. Napoleon argues that the district court erred on appeal by supplying sentencing reasons for the magistrate judge.

As Napoleon did not object to the lack of sentencing reasons, the erroneous statement that the sentence was within the advisory Guidelines range, or the imposition of a non-Guideline sentence, we review his contentions for plain error. *United States v. Olano*, 507 U.S. 725, 731-37 (1993); *see United States v. Akpan*, 407 F.3d 360, 378 (5th Cir. 2005). The magistrate judge plainly erred by failing to supply reasons for its selection of Napoleon's sentence and in stating that the sentence imposed was within the advisory Guidelines range.

In determining whether a sentence should be vacated and the case remanded for re-sentencing, this court has at times applied an objective test—whether "the trial judge could reinstate the same sentence." *United States v. Ravitch*, 128 F.3d 865, 869 (5th Cir. 1997) (quotations omitted). At other times, this court has applied a subjective test—"whether the defendant can show a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." *United States v. Villegas*, 404 F.3d 355, 364 (5th Cir. 2005); *see also United States v. Jones*, 444 F.3d 430, 436-38 (5th Cir.), *cert. denied*, 126 S. Ct. 2958 (2006). Regardless of which analysis is the appropriate one, Napoleon's sentence should not be vacated.

The magistrate judge could reasonably enter the same sentence on remand, and there is no indication in the record that had the magistrate judge been apprised that the sentence imposed was above the advisory Guideline range, the magistrate would have chosen a lesser sentence.

AFFIRMED.