# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 28, 2008

Charles R. Fulbruge III
Clerk

No. 06-10503
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MICHAEL D TOOMEY

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:05-CR-115-ALL

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit
Judges.

PER CURIAM:[*]

Michael D. Toomey pleaded guilty to interstate transportation of child
pornography and aiding and abetting (counts one through four) and to
possession of child pornography and aiding and abetting (counts five through
six). The district court sentenced Toomey to a total 360-month term of
imprisonment, a $600 special assessment, and six concurrent life terms of
supervised release. Toomey challenges the district court's imposition of life

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

terms of supervised release as to his first four counts of conviction, conceding that plain error review applies. He argues that the district court's imposition of life terms of supervised release was either an upward departure or a non-guidelines variance from the applicable guidelines range and that the court plainly erred because he was not provided notice and because the court failed to provide a fact specific rationale for sentencing outside of the applicable guidelines range.

Because Toomey did not object in the district court, review is for plain error. See United States v. Olano, 507 U.S. 725, 731-37 (1993). Relief on plain error review is only available if we find (1) error, (2) that is plain, i.e., clear or obvious, and (3) that affected the defendant's substantial rights. United States v. Jones, 444 F.3d 430, 436 (5th Cir.), cert. denied, 126 S. Ct. 2958 (2006). If that showing is made, we have the authority to correct the error if "the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

As the Government argues, the district court appropriately applied the 2005 version of the Sentencing Guidelines pursuant to the so-called "one-book rule." See U.S.S.G. § 1B1.11(b)(3), p.s. (2005); see also United States v. Butler, 429 F.3d 140, 153-54 (5th Cir. 2005). The Presentence Report, adopted by the district court, relied on U.S.S.G. § 5D1.2(b), p.s. (2005), in stating that the guideline term of supervised release was "life per count." We have characterized the imposition of life terms of supervised release under virtually identical prior versions of U.S.S.G. § 5D1.2, p.s. (2005), as upward departures. See United States v. Allison, 447 F.3d 402, 407 (5th Cir. 2006); United States v. Gonzalez, 445 F.3d 815, 818 (5th Cir. 2006). As the Government argues, however, because the applicable 2005 version of § 5D1.2 provides that the supervised release term "may be up to life, if the offense is--a sex offense," the district court's imposition of the life terms of supervised release was not an upward departure or variance. See § 5D1.2(b)(2) (2005).

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." United States v. Gall, 128 S. Ct. 586, 596 (2007). The PSR, adopted by the district court, set forth the supervised release term as "life per count," without specifying a range. See § 5D1.2(a)(2), (b). Assuming that the district court erred in failing to state that the guidelines range was two years to life, and that such error was plain, Toomey has not shown a "reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." United States v. Villegas, 404 F.3d 355, 364 (5th Cir. 2005) (post-Booker); but see United States v. Ravitch, 128 F.3d 865, 869 (5th Cir. 1997) (pre-Booker; holding that inquiry is whether the district court could have imposed the same sentence). Consistent with Ravitch, the district court could reimpose the same sentence on remand. See Ravitch, 128 F.3d at 869. As in Jones, we need not resolve whether the Villegas or Ravitch standard governs the substantial-rights inquiry because a remand is not required under either standard. See Jones, 444 F.3d at 437-38.

AFFIRMED.