# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-51252
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO CORTEZ-VELEZ,

Defendant-Appellant

Cons. w/ No. 12-51260

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO CORTES-VELEZ, also known as Mario Cortez-Belez,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-446-1
USDC No. 2:09-CR-153-1

Before STEWART, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-51252
c/w No. 12-51260

Mario Cortez-Velez pleaded guilty to being found in the United States following a previous deportation and was sentenced to a within-guidelines sentence of 25 months of imprisonment. The district court also revoked Cortez-Velez's term of supervised release on a prior conviction and imposed a within-guidelines sentence of 22 months, to run consecutively to the illegal reentry sentence. His appeals from those judgments were consolidated.

Cortez-Velez contends that the district court procedurally erred in considering his request for a variance based on family circumstances solely under the Guidelines, specifically U.S.S.G. § 5H1.6. By doing so, Cortez-Velez asserts, the district court "treated the guideline as mandatory or failed to consider relevant factors under 18 U.S.C. § 3553(a)." Because Cortez-Velez did not raise this argument before the district court, as he acknowledges, review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Cortez-Velez thus must show an error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

A fair reading of the sentencing transcript indicates that the district court not only considered the Guidelines, but also Cortez-Velez's criminal history and the need to deter future criminal conduct by Cortez-Velez when determining that a within-guidelines sentence was appropriate. *See* § 3553(a). Thus, Cortez-Velez fails to show that the district court procedurally erred. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Puckett*, 556 U.S. at 135. Even assuming, arguendo, that the district court did err, Cortez-Velez cannot show that the error "affected the outcome in the district court." *See Mondragon-Santiago*, 564 F.3d at 364. He does not argue that if the case was remanded for resentencing, the district court could not impose the same consecutive

No. 12-51252
c/w No. 12-51260

sentences. *See United States v. Ravitch*, 128 F.3d 865, 869 (5th Cir. 1997). Additionally, he points to nothing in the record to support his conclusional assertion that there is a reasonable probability that, but for the district court's error, he would have received lower sentences. *See United States v. Davis*, 602 F.3d 643, 647 (2010). Accordingly, he is not entitled to relief under plain error review. *See Puckett*, 556 U.S. at 135.

Cortez-Velez also contends that the sentences imposed on his illegal reentry offense and revocation are substantively unreasonable because they are greater than necessary to satisfy the sentencing goals of § 3553(a). We review Cortez-Velez's arguments challenging the substantive reasonableness of his sentence under a deferential abuse of discretion standard. *See Gall*, 552 U.S. at 51.

We have consistently rejected Cortez-Velez's "double counting argument" and his argument that U.S.S.G. § 2L1.2 results in an excessive sentence because it is not empirically based. *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009). Further, Cortez-Velez acknowledges that his challenge to the presumption of reasonableness is foreclosed. *See Mondragon-Santiago*, 564 F.3d at 366-67. The record reflects that the district court considered Cortez-Velez's arguments for a below guidelines sentence, but determined that a 25-month sentence was "necessary in order to deter future criminal conduct." Cortez-Velez has failed to rebut the presumption of reasonableness that is accorded his within-guidelines sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States* v. *Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008). Similarly, he has failed to show that the 22-month consecutive sentence imposed following the revocation of his supervised release was plainly unreasonable. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Accordingly, the judgment of the district court is AFFIRMED.