**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 6, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-30490
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ELANDER MARK LACHNEY,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:03-CR-179-ALL
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Elander Mark Lachney appeals the sentences imposed by the district court following entry of his guilty pleas to charges of bank fraud (Count One), illegal use of means of identification of another to commit bank fraud (Count Two), and illegal use of a social security number (Count Three). The district court sentenced Lachney, inter alia, to concurrent terms of 115 months of imprisonment on Counts One and Two and to a concurrent term of sixty months of imprisonment on Count Three.

———————————————

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For the first time on appeal, Lachney contends that he was sentenced in violation of his Sixth Amendment right to a trial by jury.  Lachney relies on Blakely v. Washington, 124 S. Ct. 2531 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000) as support for his position.  As Lachney concedes, his argument is foreclosed by our decision in United States v. Pineiro, 377 F.3d 464, 465-66  (5th Cir. 2004), petition for cert. filed (July 14, 2004) (No. 04-5263); cf. Wicker v. McCotter, 798 F.2d 155, 157-58 (5th Cir. 1986).

Lachney also contends for the first time on appeal that the district court reversibly erred when it departed upward from offense level seventeen to offense level twenty-three.  He asserts that the district court used impermissible factors to justify the upward departure.  He asserts in addition that the district court double-counted when it used his prior convictions and the fact that he had relocated and continued committing offenses in other jurisdictions as justification for the upward departure.  Lachney does not challenge the upward departure from criminal history category IV to category VI.

Because Lachney did not object to the district court's finding that the appropriate guideline range was 92 to 115 months of imprisonment, we review for plain error.  See United States v. Ravitch, 128 F.3d 865, 869 (5th Cir. 1997).  To demonstrate plain error, Lachney must show clear or obvious error that affects his substantial rights; in such case, we may exercise our discretion

to correct a forfeited error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. See Ravitch, 128 F.3d at 869 (citing United States v. Olano, 507 U.S. 725, 730-36 (1993); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc)).

The record shows, contrary to Lachney's argument, that the district court did not rely on Lachney's prior arrests, his lifestyle of drug use, and his lack of education and training as justification for the upward departure. The district court cited Lachney's prior convictions that did not contribute points toward his criminal history score; Lachney's failure to adhere to conditions of probation, parole, or supervised release; Lachney's commission of offenses while on periods of release; Lachney's propensity toward recidivism; and Lachney's threat to the safety of the community, all of which are permissible bases for an upward departure. See U.S.S.G. § 4A1.3(a)(4)(B); U.S.S.G. § 4A1.3(a)(2) & comment. (n.2.).

The record refutes Lachney's argument that the district court double-counted by using his prior convictions and his relocation and continued commission of offenses in other jurisdictions as grounds for the upward departure in his offense level. The district court explained that it was departing beyond criminal history category VI because Lachney committed crimes while on probation, parole, or supervision; his offenses were becoming violent; his record showed that he would continue to

commit crimes; and he presented a danger to the community.
Furthermore, Lachney has not cited a guideline provision that
forbids the alleged double-counting.  See United States v.
Harrington, 82 F.3d 83, 89 n.6 (5th Cir. 1996) (double-counting
is not prohibited unless guideline forbids it).  Lachney has not
shown error, much less plain error.  See Ravitch, 128 F.3d at
869.  Accordingly, the judgment of the district court is
AFFIRMED.