United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 23, 2006**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

_____

m 04-30490
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ELANDER MARK LACHNEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
m 3:03-CR-179-ALL

_____

ON REMAND FROM THE SUPREME
COURT OF THE UNITED STATES

Before DAVIS, SMITH, and DENNIS,
Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited cir-
(continued...)

This court affirmed Elander Lachney's sentence. *United States v. Lachney*, 119 Fed. Appx. 640 (5th Cir. 2005) (per curiam). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). *Lachney v. United States*, 125 S. Ct. 2276 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker*.

_____

[*](...continued)
cumstances set forth in 5TH CIR. R. 47.5.4.

Lachney acknowledges that his challenge under *Booker* is subject to plain error review because in the district court he did not object to the sentence on Sixth Amendment grounds. "An appellate court may not correct an error the defendant failed to raise in the district court unless there is '(1) error, (2) that is plain, and (3) that affects substantial rights.'" *United States v. Mares*, 402 F.3d 511, 520 (5th Cir.) (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)), *cert. denied*, 126 S. Ct. 43 (2005).

The government agrees that Lachney satisfies the first two parts of the plain error test, because the district court imposed a sentence under guidelines it considered binding at the time of the sentence.[1] He fails on the third prong, however, because he cannot show an error affecting substantial rights. That is because there is no "indication in the record from the sentencing judge's remarks or otherwise that gives us any clue as to whether [the judge] would have reached a different conclusion." *Id.* at 522.[2]

The only "indication" that might be gleaned from the court's remarks cuts against Lachney, because the judge found that the guideline range was insufficient in view of Lachney's criminal history and the severity of the charged conduct, so the court imposed a substantial upward departure. Lachney cannot show that the sentence would have been lower if the guidelines had been voluntary at the time of sentencing. Indeed, in a commendable exercise in candor, Lachney's attorney, in her supplemental letter brief, acknowledges that "the record . . . does not support that the district court would have imposed a lesser sentence if the guidelines had been advisory."

Nonetheless, Lachney urges that the error of applying the sentencing guidelines as mandatory, in contravention of *Booker*, constitutes structural error and thus must be deemed to satisfy the third prong of the plain error test. This court has rejected the argument that such *Booker* error is structural. *See United States v. Martinez-Lugo*, 411 F.3d 597, 601 (5th Cir.) (per curiam), *cert. denied*, 126 S. Ct. 464 (2005). "[W]e reject [the] argument that *Booker* error is structural . . . ." *United States v. Malveaux*, 411 F.3d 558, 560 n.9 (5th Cir.) (per curiam), *cert. denied*, 126 S. Ct. 194 (2005).

Finally, Lachney asserts that even if the error is not deemed structural, "it should be considered as among the class of errors that are 'presumed prejudicial'" (citing *United States v. Olano*, 507 U.S. 725, 735 (1993)). We have dismissed this contention as well. *See, e.g., id.* ("[W]e reject [the] argument . . . that *Booker* error should be deemed prejudicial . . . .").

---

[1] *United States v. de Jesus-Batres*, 410 F.3d 154, 165-66 (5th Cir. 2005) ("[A]n error is plain even though an objection at trial was not warranted under existing law but a super[s]eding decision before appeal reverses that well-settled law . . . . It is enough that the law was settled at the time of appellate consideration to make the error 'plain.'") (citing *Johnson v. United States*, 520 U.S. 461, 468 (1997)), *cert. denied*, 2006 U.S. LEXIS 134, *and cert. denied*, 2006 U.S. LEXIS 135, *and cert. denied*, 2006 U.S. LEXIS 136 (U.S. Jan. 9, 2006).

[2] *Id.* at 166 (observing that "[a] defendant sentenced before . . . *Booker* faces a difficult challenge in establishing that the sentencing court's use of a mandatory rather than an advisory Guidelines (continued...)

[2](...continued) scheme actually affected the outcome of the proceedings").

AFFIRMED.