**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Martin Rogelio GONZALEZ–**
**ACHONDO, Defendant–**
**Appellant.**

**No. 12–30086**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 1, 2012.

Cristina Walker, Assistant U.S. Attorney, U.S. Attorney's Office, Shreveport, LA, for Plaintiff–Appellee.

Michael John Vergis, Esq., Shreveport, LA, for Defendant–Appellant.

Before DeMOSS, PRADO and OWEN, Circuit Judges.

PER CURIAM: *

Martin Rogelio Gonzalez–Achondo appeals the 71–month within-guidelines sen-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tence he received following his guilty plea to illegal reentry into the United States after having previously been removed. Gonzalez–Achondo argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). He specifically contends that his sentence is too severe because the district court (1) overstated the seriousness of his immigration crime while ignoring his mitigation arguments and (2) improperly considered his bare arrest record.

Generally, we review sentences for reasonableness in light of the sentencing factors in § 3553(a). *United States v. Mondragon–Santiago*, 564 F.3d 357, 360 (5th Cir.2009). First, we consider whether the district court committed a significant procedural error. *Gall v. United States*, 552 U.S. 38, 49–51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). If there is no error or the error is harmless, we review the substantive reasonableness of the sentence imposed for an abuse of discretion. *Id.* at 51, 128 S.Ct. 586; *United States v. Delgado–Martinez*, 564 F.3d 750, 753 (5th Cir.2009). However, because Gonzalez–Achondo did not raise his substantive reasonableness argument in the district court, we review for plain error only. *See United States v. Williams*, 620 F.3d 483, 493 (5th Cir.2010).

We have previously rejected the argument that a guidelines sentence under § 2L1.2 is unreasonable because illegal reentry is merely a trespassing offense and not a crime of violence. *See United States v. Aguirre–Villa*, 460 F.3d 681, 683 (5th Cir.2006). When reviewing the reasonableness of a sentence within a properly calculated guidelines range, we generally will infer that the district court considered the sentencing factors set forth in the Sentencing Guidelines and § 3353(a). *United States v. Mares*, 402 F.3d 511, 519 (5th Cir.2005). The record reflects that the district court expressly considered the relevant § 3553(a) factors

as well as Gonzalez–Achondo's arguments for mitigating his sentence but implicitly overruled his arguments and concluded that a within-guidelines sentence was adequate, fair, and reasonable. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir.2008). Accordingly, we decline Gonzalez–Achondo's invitation to reweigh the § 3553(a) factors because "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos–Maldonado*, 531 F.3d 337, 339 (5th Cir.2008).

When determining an appropriate sentence, the district court may not consider a bare arrest record unless it is supported by sufficient indicia of reliability. *See United States v. Johnson*, 648 F.3d 273, 276–78 (5th Cir.2011). Although the district court mentioned Gonzalez–Achondo's numerous prior arrests, the record reveals that the district court did not base its sentence exclusively on those arrests nor did it give significant weight to Gonzalez–Achondo's arrest record. Gonzalez–Achondo had a lengthy criminal history which included eight actual convictions. When explaining the necessity of a punishment sufficient to deter future criminal activity, the district court referred exclusively to conduct for which Gonzalez–Achondo had actually been convicted. Moreover, the district court specifically stated that Gonzalez–Achondo's illegal reentry offense alone merited the sentence imposed, especially given that he had reentered the country after being expressly ordered not to return.

In any event, even if the district court erred in merely mentioning Gonzalez–Achondo's arrest record, he still is not entitled to relief because he does not demonstrate that any error affected his substantial rights. Gonzalez–Achondo does not argue that the district court should

not have considered his criminal history, which consisted of convictions for various and often violent offenses, and provides no evidence to demonstrate that but for the district court's consideration of his arrest record, it would have imposed a lesser sentence. *See United States v. Jones*, 444 F.3d 430, 443 n. 68 (5th Cir.2006)

Furthermore, Gonzalez–Achondo's sentence, which is at the top of the guidelines range, is presumed reasonable. *See United States v. Cisneros–Gutierrez*, 517 F.3d 751, 766 (5th Cir.2008). His general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors are insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir.2010); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir.2009).

Gonzalez–Achondo has not demonstrated that the district court plainly erred by sentencing him to a within-guidelines 71–month prison term. *See Gall*, 552 U.S. at 51, 128 S.Ct. 586; *Williams*, 620 F.3d at 493. Accordingly, the judgment of the district court is AFFIRMED.