# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-41433
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee

v.

JOSE CRISTOBAL CANALES-MARTINEZ, also known as Jose Canales, also
known as Jose Cristoba Canales-M, also known as Jose C. Canales, also known
as J. Cristobal Canales-Martinez, also known as Jose Cristoba Canales-
Martinez, also known as Jose C. Canales-Martinez, also known as Jose
Martinez-Canales, also known as Jose Martinez,

                    Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-171-1

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Cristobal Canales-Martinez (Canales) appeals the bottom-of-the-
Guidelines sentence of 27 months of imprisonment imposed by the district
court following his guilty plea conviction of being an alien found unlawfully

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

present in the United States after having been previously deported.  For the first time on appeal, he contends that the district court's consideration of bare arrest records to deny his request for a sentence below the guidelines range renders his sentence procedurally and substantively unreasonable.

Because the issue was not raised in the district court, our review is for plain error.  *See Puckett v. United States*, 556 U.S. 129, 134–35 (2009).  To demonstrate plain error, Canales must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Id*. at 135.  If he makes such a showing, we have the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id*.

Canales argues that the district court imposed a procedurally and substantively unreasonable sentence upon him because it considered his bare arrest records from 1995 and 1996.  Canales's PSR indicated that he was arrested for Driving While Ability Impaired by the Consumption of Alcohol in June 1996, and that there was an active arrest warrant for him from December 1995 arising out of an indictment for Assault in the First Degree and Assault in the Second Degree.  The PSR does not report the disposition of these charges.  Additionally, the PSR reported that Canales: (1) was convicted of robbery in 1993, a first-degree felony; (2) pleaded guilty to Driving While Ability Impaired by the Consumption of Alcohol in August 1995, a misdemeanor; and (3) pleaded guilty to Aggravated Unlicensed Operation of a Motor Vehicle and Driving While Ability Impaired by the Consumption of Alcohol in June 1997, both misdemeanors.

The PSR recommended a Guidelines range of 27 to 33 months' imprisonment.  Canales moved for a downward departure.  During the sentencing hearing, the district court denied his motion and imposed a

sentence of 27 months.   The district court commented on Canales's 1993 robbery conviction and stated that Canales's criminal conduct was "extensive." Shortly thereafter, the district court referenced Canales's criminal conduct again and stated, "I think this criminal history would require . . . a significant sentence in this particular matter."   Canales objected that the sentence was "a lot of time" and that he was being imprisoned for "something that [he] already paid for."  The district court responded that

> [I]t's just not your felony conviction . . . .  You've also got pending charges elsewhere . . . .  If you had been a good citizen . . . and not been just a complete criminal, I might have been -- been more imposed [sic] to consider a downward departure, but it would appear from your record that you weren't.

On appeal, Canales explains that the district court's reference to his pending charges was a reference to his arrest record.  He argues that the district court improperly relied on his bare arrest record in imposing the sentence and that this affected his substantial rights by resulting in a longer sentence.

A district court may not consider at sentencing a defendant's "bare arrest record." *United States v. Harris*, 702 F.3d 226, 229 (5th Cir. 2012) (quotation marks omitted).  "The term 'bare arrest record,' in the context of a PSR describes the reference to the mere fact of an arrest—i.e. the date, charge, jurisdiction and disposition—without corresponding information about the underlying facts or circumstances regarding the defendant's conduct that led to the arrest." *Id.*; *see also United States v. Jones*, 444 F.3d 430, 434 (5th Cir. 2006) ("Arrests, standing alone, do not constitute reliable information under either the Guidelines or our precedent pre-dating the Guidelines.")  The district court clearly referred to the PSR's account of the June 1996 arrest and December 1995 arrest warrant in determining Canales's sentence.  Moreover, there is no corresponding information in the PSR that renders the arrests

reliable. Thus, the district court's reliance on these arrests constitutes clear error.

However, to prevail Canales must show that the district court's error affected his substantial rights by "undermining confidence in the outcome." *United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010) (quotation marks, brackets, and citations omitted). The record must indicate that there is a reasonable probability that Canales would have received a lesser sentence if the district court had not considered his prior arrests. *See Jones*, 444 F.3d at 438. Canales cannot make this showing.

The district court did not exclusively rely on the objectionable aspects of Canales's criminal history in determining his sentence; it also took into consideration Canales's three prior convictions, which included a felony robbery conviction. Since the district court properly relied on his criminal history, Canales has shown only a mere possibility, as opposed to a reasonable probability, that the district court would have imposed a lesser sentence had it not considered bare arrest records. *See United States v. Gonzalez-Achondo*, 493 F. App'x 539, 540 (5th Cir. 2012) (affirming sentence where the district court relied on defendant's lengthy criminal history, which included eight convictions, and the sentence was within the guidelines range); *United States v. Williams*, 620 F.3d 483, 496 (5th Cir. 2010) (holding defendant had not demonstrated a reasonable probability that he would receive a lesser sentence but for the district court's consideration of his bare arrests when the district court also considered his prior convictions and arrests for similar crimes that were supported by reliable testimony at trial); *Jones*, 444 F.3d at 438 (holding that defendant could not demonstrate that he would have received a lesser sentence when the district court commented on the seriousness of the offense

No. 12-41433

at sentencing).  Canales fails to make the requisite showing of an effect on his substantial rights.  *See Puckett*, 556 U.S. at 135.

AFFIRMED.