# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-51021

United States Court of Appeals
Fifth Circuit

**FILED**

January 2, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

ALFONSO RODRIGUEZ–RODRIGUEZ,

Defendant–Appellant

Appeal from the United States District Court
for the Western District of Texas

Before PRADO, ELROD, and GRAVES, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

## I.    BACKGROUND

Defendant–Appellant Alfonso Rodriguez–Rodriguez (Rodriguez) pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326. Rodriguez had previously been convicted of stalking in violation of Texas Penal Code § 42.072. In Rodriguez's presentencing report (PSR), the probation officer recommended a sixteen-level enhancement to Rodriguez's offense level for a "crime of violence" (COV) under U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2L1.2(b)(1)(A)(ii) based on the Texas stalking conviction. The PSR calculated Rodriguez's total offense level at twenty-one, following a three-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E.1.1.   The

No. 13-51021

Guidelines suggested a range of imprisonment of fifty-seven to seventy-one months.

At sentencing, Rodriguez objected to the sixteen-level sentencing enhancement. Rodriguez argued that his conviction under the Texas stalking statute was not a COV because the statute did not have as a necessary element the use or threatened use of physical force. The proper Guidelines range, he proposed, was fifteen to twenty-one months. The district court agreed that this range would be correct without the sixteen-level enhancement.

After a colloquy with counsel, the district court determined that Rodriguez's stalking conviction, as defined by the language of the indictment, was for a COV under *United States v. Mohr*, 554 F.3d 604 (5th Cir. 2009), and *United States v. Rivas*, 455 F. App'x 531 (5th Cir. 2011) (per curiam). After overruling Rodriguez's objection to the PSR's Guidelines calculation, the district court found the Guidelines range "fair and reasonable."

The court went on to say Rodriguez's sentence "would be the same . . . . no matter what system we use, guidelines/non-guidelines." Providing the rationale for this conclusion, the court stated:

> You engage—and I'm not taking about convictions and I'm not talk—taking uncharged conduct in terms of the commission of a crime per se into account. But you've engaged in a lot of reckless conduct over the course of your life that can be construed as assaultive. You're an aggressive person. And you were lucky that you were not charged with the assault with a knife, wherein it was alleged that you were chasing another person with a vehicle—I mean with a knife. Excuse me. That was in '03 and '07.
>
> Once again, there was an allegation that you assaulted somebody, especially when you get drunk and you threaten to shoot that person.
>
> In '07 you were involved in—I should take that back. You—it's alleged that you were involved in a hit and run with an accident. And I did notice from the convictions there is one of those

2

such convictions. In '08 it was, again, alleged that you did the same thing; in June 26th of '08.

In June 29th of '08 it was alleged that you engaged in [a] terroristic threat, where you threatened to kill a person.

Given that you were charged and convicted of stalking and threatening somebody, you have a very aggressive and assaultive type of personality. And part of it is probably because of your alcohol use. I understand that. And the reason I say that is you've got—you have several DWI convictions, one which did not count, the Nashville, Tennessee one.

There's—in Paragraph 30 we have the accident involving damage to a vehicle, and then in the unclear—the fineable type of offenses only that didn't count, you have public intoxication, possession of alcohol, and another possible intoxication. Which tells me that alcohol may be an issue for you. You get violent when you drink.

. . . [T]he sentence I'm about to impose would be the same with or without [the G]uidelines. Although the Court is finding the [G]uidelines to be adequate.

The district court sentenced Rodriguez to sixty months in prison and three years of supervised release.

Rodriguez timely appeals. He asks this Court to vacate his sentence and remand his case to the district court.

## II.    DISCUSSION

The district court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction to review the district court's sentence under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

### A.    Standard of Review

Rodriguez asserts two distinct claims of procedural error. First, he contends that his prior conviction under the Texas stalking statute is not for a COV and therefore the district court erred in applying the sixteen-level

No. 13-51021

Guidelines enhancement. Second, he argues that the court improperly based its calculation of his non-Guidelines sentence on uncharged conduct.[1]

We apply a different standard of review to each of the two claims. Because Rodriguez timely objected to the Guidelines calculation, we review it for harmless error. *See United States v. Martinez–Flores*, 720 F.3d 293, 295, 300 (5th Cir. 2013). However, because Rodriguez objects to the non-Guidelines calculation for the first time on appeal, we review it only for plain error. *See United States v. Williams*, 620 F.3d 483, 493 (5th Cir. 2010) (citing *United States v. Olano*, 507 U.S. 725, 731–32 (1993)). The former objection does not suffice to preserve the latter claim of error. *Cf. United States v. Mondragon–Santiago*, 564 F.3d 357, 361 (5th Cir. 2009) (reviewing for plain error where the defendant's objection "sufficed to alert the district court of his disagreement with the substance of the sentence, but not with the manner in which it was explained"); *United States v. Hernandez–Martinez*, 485 F.3d 270, 272 (5th Cir. 2007) ("Were a generalized request for a sentence within the Guidelines sufficient, a district court would not be given an opportunity to clarify its reasoning or correct any potential errors in its understanding of the law at

---

[1] Rodriguez does not specifically challenge the substantive reasonableness of his sentence. Although *United States v. Gerezano–Rosales*, 692 F.3d 393, 398 (5th Cir. 2012), suggests that Rodriguez's objection to the district court's reliance on uncharged conduct could arguably be construed as substantive, this Court has typically considered similar claims of error to be procedural, *see United States v. Harris*, 702 F.3d 226, 231 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 1845 (2013); *United States v. Stephens*, 373 F. App'x 457, 461 (5th Cir. 2010) (per curiam) (unpublished); *United States v. Newsom*, 508 F.3d 731, 734 (5th Cir. 2007). We therefore analyze the district court's sentence for procedural error and decline to consider any challenge to the substantive reasonableness of Rodriguez's sentence. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (arguments not appearing in the body of Appellants' briefs are deemed abandoned).

sentencing, and its efforts to reach a correct judgment could be nullified on appeal." (citation omitted)). We address each objection in turn.

**B.    The Crime-of-Violence Enhancement**

We review the district court's interpretation and application of the Sentencing Guidelines—including the characterization of a prior offense—de novo and its findings of fact for clear error. *United States v. Klein*, 543 F.3d 206, 213 (5th Cir. 2008).

Whether a conviction under the Texas stalking statute is a COV is an issue of first impression in this Court. The Guidelines define COV to include several enumerated offenses and "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."  § 2L1.2 n.1(B)(iii). A defendant uses force if he "intentionally avail[s] himself of that force." *United States v. Vargas–Duran*, 356 F.3d 598, 599 (5th Cir. 2004) (en banc).  "If any set of facts would support a conviction without proof of that component, then the component most decidedly is not an element—implicit or explicit—of the crime." *Id.* at 605. Because stalking is not an enumerated offense, it can only qualify as a COV as a "force offense." *See United States v. Calderon–Pena*, 383 F.3d 254, 255–56 (5th Cir. 2004) (en banc).

To determine whether a crime is a force offense, we look at the elements of the offense in the statute of conviction, not at the defendant's conduct. *Id.* at 257; *see also Taylor v. United States*, 495 U.S. 575, 600 (1990) (setting out the categorical approach). However, "if the statute of conviction contains a series of disjunctive elements, this [C]ourt may look beyond the statute to certain records made or used in adjudicating guilt to determine which subpart of the statute formed the basis of conviction." *United States v. Moreno–Florean*, 542 F.3d 445, 449 (5th Cir. 2008). The Court may consider the "charging papers

No. 13-51021

to see which of the various statutory alternatives were involved in a particular case." *United States v. Andino–Ortega*, 608 F.3d 305, 309 (5th Cir. 2010).

The Texas stalking statute under which Rodriguez was convicted contains disjunctive elements. *See* Tex. Penal Code § 42.072. Rodriguez pleaded guilty to the following charging document:

> Rodriguez . . . knowingly engage[d] in conduct directed specifically toward [the victim, DG] that [he] knew or reasonably believed [DG] would regard as threatening bodily injury and death to [DG], to-wit: contacting [DG] by phone and threatening [DG], and the . . . conduct would cause a reasonable person to fear, and did cause [DG] to fear, bodily injury and death for [DG]. And . . . [Rodriguez] knowingly engage[d] in conduct directed specifically toward [DG] that [he] knew or reasonably believed [DG] would regard as threatening bodily injury and death to [DG], to-wit: coming to [DG]'s residence and threatening [DG], and the . . . conduct would cause a reasonable person to fear, and did cause [DG] to fear, bodily injury and death for [DG].

When narrowed by the language of the indictment, the statute states in relevant part:

> (a)  A person commits an offense if the person, on more than one occasion and pursuant to the same scheme or course of conduct that is directed specifically at another person, knowingly engages in conduct . . . that:
>
>   (1)  . . . the actor knows or reasonably should know the other person will regard as threatening:
>
>     (A)  bodily injury or death for the other person;
>     . . .
>
>   (2)  causes the other person . . . to be placed in fear of bodily injury or death . . . ; and
>
>   (3)  would cause a reasonable person to fear:
>
>     (A)  bodily injury or death for himself or herself . . .

Tex. Penal Code § 42.072.

6

No. 13-51021

The Texas stalking offense for which Rodriguez was convicted is not a force offense within the meaning of § 2L1.2. The use, attempted use, or threatened use of physical force is not a required element of the statute under a plain reading of the text. *See* Tex. Penal Code § 42.072. The statute criminalizes behavior that another person fears is threatening bodily injury. *Id.* But as this Court has consistently held, one can cause bodily injury without the use or attempted use of physical force. *See Andino–Ortega*, 608 F.3d at 311 (concluding that the offense injury to a child "can be committed by intentional act without the use of physical force by putting poison or another harmful substance in a child's food or drink"); *United States v. Villegas–Hernandez*, 468 F.3d 874, 882 (5th Cir. 2006) (holding that a Texas assault statute requiring "that the defendant 'intentionally, knowingly, or recklessly cause[s] bodily injury to another' . . . may be violated by the defendant so causing such injury by means *other than* the actual, attempted, or threatened 'use of physical force against the person of another,' and hence does not have such use of force as an element" (alteration in original)); *Calderon–Pena*, 383 F.3d at 260 (stressing that "[a]s a matter of simple logic," an endangerment offense requiring that the defendant "places a child younger than 15 years in imminent danger of . . . bodily injury" "can—*but need not*—involve the application of physical force to the child's person" (quoting Tex. Penal Code Ann. § 22.041(c) (omission in original)).

It follows that the *threat* of bodily injury can occur even in the absence of a threat to use physical force. *See, e.g.*, *Ploeger v. State*, 189 S.W.3d 799, 808–09 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (finding sufficient evidence to support stalking conviction requiring reasonable fear of bodily injury or death where defendant continually watched, followed, and sent gifts to victim). In *United States v. Cruz–Rodriguez*, 625 F.3d 274, 275–77 (5th Cir. 2010) (per curiam), this Court addressed a California criminal-threat statute that, like

the Texas stalking statute, prohibits a person from "willfully threaten[ing] to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement . . . be taken as a threat . . . and thereby cause[] that person reasonably to be in sustained fear for his or her own safety," Cal. Penal Code § 422. We held that a conviction under this California statute was not a COV because the defendant could be found guilty of that offense under a set of facts not involving the actual, attempted, or threatened use of physical force against another. *Cruz–Rodriguez*, 625 F.3d at 276–77; *see also United States v. De La Rosa–Hernandez*, 264 F. App'x 446 (5th Cir. 2008) (per curiam) (unpublished) (noting that "threatening . . . to poison another" does not involve force as defined by this Court).

We hold that Rodriguez's conviction under the Texas stalking statute, as narrowed by the indictment, was not for a COV under § 2L1.2 of the Sentencing Guidelines. Therefore, the district court erred in imposing a sixteen-level enhancement. We turn next to whether the error was harmless.

A procedural error during sentencing (such as a Guidelines miscalculation) is harmless if it did not affect the district court's selection of the sentence imposed. *United States v. Delgado–Martinez*, 564 F.3d 750, 753 (5th Cir. 2009). The burden is on the Government to show the miscalculation was harmless. *United States v. Ramos*, 739 F.3d 250, 253 (5th Cir. 2014). The government does not discharge its burden simply by pointing to the record to "hypothesize some other explanation that might render the sentence reasonable." *United States v. Johnson*, 648 F.3d 273, 279–80 (5th Cir. 2011). Rather, it must show "both (1) that the district court would have imposed the same sentence had it not made the error, *and* (2) that it would have done *so for*

No. 13-51021

*the same reasons it gave. . . ." United States v. Ibarra–Luna*, 628 F.3d 712, 714 (5th Cir. 2010) (emphasis added). This is a "heavy burden." *Id.* at 717–18.

The Government argues that "[f]ully three pages of the sentencing transcript reflect the district court's review of the evidence and reasoning behind its decision to eschew the guidelines and instead impose [a] sentence based on the [18 U.S.C.] § 3553(a) sentencing factors." Indeed, at Rodriguez's sentencing, the district court considered and rejected a sentence in the range that would have been applicable without the sixteen-level COV enhancement (here, fifteen to twenty-one months). The district court explicitly indicated that it "would not have found that [to be] a satisfactory sentencing range." It reasoned that such a sentence "would not have adequately taken into account [Rodriguez's] history and characteristics." It stressed: "I will be very honest, Mr. Rodriguez, your sentence would be the same using the sentencing factors or the guidelines. No matter what system we use, guidelines/non-guidelines, your sentence would be the same."

Because here "the district court: (1) contemplated the correct Guideline range in its analysis and (2) stated that it would have imposed the same sentence even if that range applied," we cannot say that the district court's miscalculation of Rodriguez's Guidelines range caused him harm. *United States v. Duhon*, 541 F.3d 391, 396 (5th Cir. 2008).[2] Based on the district court's

---

[2] *See also Ramos*, 739 F.3d 253–54 (finding error harmless where the district court focused on the nature of the offense and the § 3553(a) factors); *United States v. Richardson*, 676 F.3d 491, 512 (5th Cir. 2012) (finding error harmless where district court "(1) considered all of the possible guidelines ranges that could have resulted if it had erred in applying one or more of the enhancements to [defendant's] offense level; (2) found all of those resulting ranges to be insufficient in this case; and (3) stated that it would have imposed the same 65-month sentence even if one of those ranges had applied"); *United States v. Bonilla*, 524 F.3d 647, 656 (5th Cir. 2008) (finding error harmless where district court stated, "I believe that I have calculated the guidelines correctly, but even if I am wrong about the guidelines, this is the sentence that I would impose in any event"); *cf. Martinez–Flores*, 720 F.3d at 300–01 (finding error was not harmless where "the district court did not clearly state (and [the panel

lengthy recitation of reasons for imposing the sentence it selected, we are persuaded that the court would have sentenced Rodriguez to sixty months in prison even if it had correctly determined that his stalking conviction was not for a COV. The Guidelines error was therefore harmless.

## C.     The Uncharged Conduct

Having determined that the Guidelines error in this case was harmless, we now consider Rodriguez's contention that the district court based its calculation of his non-Guidelines sentence on improper factors under § 3553(a). At sentencing, Rodriguez did not object to either the PSR or the district court's reasons for concluding that a sixty-month sentence was appropriate without the Guidelines. Before this Court, Rodriguez argues that "the district court relied upon unreliable uncharged conduct in sentencing him to 60 months' imprisonment."[3]

As noted, we review Rodriguez's non-Guidelines sentence for plain error. *See Williams*, 620 F.3d at 493–94. A defendant challenging his sentence on plain-error review must demonstrate that "(1) the district court committed error, (2) the error was plain or obvious, [and] (3) the error affected his substantial rights." *Id.* If all three elements are met, this Court has discretion

---

could not] glean from the record) that it would impose the same sentence if there had not been a 16-level enhancement based on the prior crime of violence").

[3] Rodriguez also cites this Court's rule that bare arrest records, i.e., "arrests, standing alone, do not constitute reliable information for sentencing purposes." *Johnson*, 648 F.3d at 276 (internal quotation marks omitted). But to call the PSR's descriptions of Rodriguez's uncharged conduct "bare" is misleading. A bare record contains the "mere fact of an arrest—i.e., the date, charge, jurisdiction and disposition—without corresponding information about the underlying facts or circumstances regarding the defendant's conduct that led to the arrest." *Harris*, 702 F.3d at 229. Here, in contrast, the least descriptive of the PSR's arrest reports reads: "On June 26, 2008, Tyler Police Department officers were dispatched to a hit and run accident. The victim reported the defendant backed up and hit a vehicle in the driveway and then drove away. On July 11, 2008, the victim advised he did not want to press criminal charges. The case was cleared due to lack of prosecution." Because the PSR contained more than the "mere fact" of Rodriguez's arrests, his challenge is properly construed as going to the underlying reliability of the PSR's factual content.

No. 13-51021

to correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Olano*, 507 U.S. at 731–32.

Rodriguez argues that the district court erred in taking into account the uncharged conduct listed in his PSR. As we have previously held, "[a] district court's consideration, at sentencing, of prior arrests [is] plain error." *United States v. Earnest Jones*, 489 F.3d 679, 681 (5th Cir. 2007); *see also United States v. Robert Jones*, 444 F.3d 430, 436 (5th Cir. 2006). That error would have affected Rodriguez's substantial rights if "there is a reasonable probability that, but for the error, the court would have imposed a lesser sentence." *Earnest Jones*, 489 F.3d at 682 (citing *United States v. Villegas*, 404 F.3d 355, 364 (5th Cir. 2005)).[4]

Here, as in *Williams*, 620 F.3d at 494, "the district court's lengthy . . . discussion of other significant, permissible factors" undermines the claim that the error affected Rodriguez's substantial rights. The district court enumerated several reasons why the fifteen- to twenty-month range was inadequate. It mentioned Rodriguez's past convictions for stalking, enticing a child, and driving under the influence, as well as "the history and characteristics of the defendant, the need to promote respect for the law and to provide just punishment for the offense, [and] the need to deter future criminal conduct and to protect the public."

Furthermore, on plain-error review, we have taken district courts at their word when, as here, they disclaim reliance on improper factors. *See*

---

[4] This Circuit has occasionally applied a different standard to this prong of plain-error review, asking instead whether the district court could impose the same sentence on remand. *See Earnest Jones*, 489 F.3d at 682 (citing *United States v. Ravitch*, 128 F.3d 865, 869 (5th Cir. 1997)). There is some doubt as to whether *Ravitch*'s objective test survived *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Davis*, 602 F.3d 643, 647 n.6 (5th Cir. 2010). Because here, as discussed above, the § 3553(a) factors would permit the district court to impose the same sentence on remand, this element of plain-error review is satisfied under either standard. We need not decide the continuing validity of the *Ravitch* test.

No. 13-51021

*United States v. Gonzalez-Achondo*, 493 F. App'x 539, 540 (5th Cir. 2012) (per curiam) (unpublished) ("Although the district court mentioned Gonzalez–Achondo's numerous prior arrests, the record reveals that the district court did not base its sentence exclusively on those arrests nor did it give significant weight to Gonzalez–Achondo's arrest record."). The district court in this case explicitly stated, "I'm not . . . taking uncharged conduct in terms of the commission of a crime per se into account."

Because the district court both disclaimed reliance on Rodriguez's uncharged conduct and justified the sentence it imposed with permissible factors, we conclude that there is no reasonable probability that, but for the error, it would have selected a lesser sentence. The error therefore did not affect Rodriguez's substantial rights.

## III.    CONCLUSION

For the foregoing reasons, we AFFIRM the district court's sentence.