# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40509
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO JOSUE GUTIERREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-721-4

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Ricardo Josue Gutierrez pleaded guilty, pursuant to a plea agreement, to harboring an undocumented alien for financial gain. Although Gutierrez's guidelines range of imprisonment was 51 to 63 months of imprisonment, the district court upwardly departed, imposing a 120-month sentence. The upward departure was based on the district court's finding, adopted from the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40509

presentence report (PSR), that during the course of the offense, Gutierrez twice raped an undocumented alien in his care, once at gun point.

Gutierrez now argues that the district court clearly erred by (1) finding that he raped an undocumented alien and (2) relying exclusively on the PSR for that finding. To show that the district court's factual finding is clearly erroneous, Gutierrez must show that it is not "plausible in light of the record as a whole." *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013). However, because Gutierrez did not object in the district court to the PSR's being the sole evidentiary support for the finding, review of that issue is for plain error. *See United States v. Fernandez*, 770 F.3d 340, 344-45 & n.9 (5th Cir. 2014). Under that standard, Gutierrez must show an error that is clear or obvious and that affects his substantial rights before we will consider whether, in our discretion, to remedy it. *See United States v. Rodriguez-Rodriguez*, 775 F.3d 706, 713 (5th Cir. 2015).

The facts in the PSR were obtained from Homeland Security investigative materials, including statements by the rape victim and other material witnesses. As the PSR thus had an adequate evidentiary basis with sufficient indicia of reliability and Gutierrez presented no evidence other than his statement denying the rapes, the district court was free to adopt the facts from the PSR. *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (internal quotation marks and citation omitted).

The finding that Gutierrez twice raped an undocumented alien in his care is plausible in light of the record as a whole and therefore not clearly erroneous. *See Zuniga*, 720 F.3d at 590. Moreover, we have specifically rejected the argument that a district court may not rely solely on the PSR where the facts are disputed. *United States v. Bates*, No. 95-50111, 1995 WL 581888, 8 (5th Cir. Sept. 21, 1995) (unpublished); *see also* 5TH CIR. R. 47.5.3

No. 14-40509

(unpublished opinions issued prior to January 1, 1996, are precedential). Accordingly, Gutierrez has not demonstrated that the district court plainly erred by relying exclusively on the PSR for its finding.

The judgment of the district court is AFFIRMED.