# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11244

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REFUGIO QUINTANAR,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-85-1

Before HAYNES, GRAVES, and DUNCAN, Circuit Judges

PER CURIAM:[*]

Refugio Quintanar appeals his above-Guidelines sentence. Quintanar pleaded guilty to being a felon in possession of ammunition. In the presentence report ("PSR"), the probation officer suggested that an upward departure from the guidelines range might be warranted under U.S.S.G. § 4A1.3 based on Quintanar's extensive criminal history. Quintanar objected to this suggestion. At sentencing, the district court recounted Quintanar's criminal history, which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11244

included four juvenile adjudications, three unadjudicated juvenile incidents,[1] eight adult convictions, five adult charges that were not prosecuted, and three pending criminal charges. The district court also mentioned Quintanar's Texas Youth Commission ("TYC") records, which included 280 incident reports spanning 559 pages. As to the three unadjudicated juvenile incidents, the district court found by a preponderance of the evidence that Quintanar had "engaged in the inappropriate conduct" described in the PSR. Quintanar objected to the district court's preponderance-of-the-evidence findings, arguing the findings violated his Fifth and Sixth Amendment rights. The district court overruled the objection, and, based on Quintanar's extensive criminal history, sentenced him to ninety-six months of imprisonment and three years of supervised release.

On appeal, Quintanar argues that the district court erred by basing the upward variance on his TYC records and two unadjudicated juvenile assault incidents because this information did not have sufficient indicia of reliability.[2] We conclude that the district court did not reversibly err and AFFIRM.

---

[1] The three unadjudicated juvenile incidents consisted of the following: (1) when Quintanar was eleven the Fort Worth Police Department (or "FWPD") located Quintanar with black paint on his hand and a marker in his pocket two blocks from where a resident had called to complain that a Hispanic boy had spray-painted on his house; (2) when Quintanar was twelve, the FWPD responded to a domestic disturbance call from his mother when he hit her after they argued; and (3) when Quintanar was thirteen, the FWPD responded to a domestic disturbance call from Quintanar's mother's boyfriend after Quintanar hit the boyfriend with a shoe and then a metal chair support rod.

[2] Quintanar also raises two foreclosed issues on appeal solely to preserve them for further review. He first argues that the district court violated his Sixth Amendment right to confrontation by failing to permit him to cross-examine at the sentencing hearing the out-of-court declarants who accused him of the unadjudicated offenses referenced in the PSR. He correctly concedes that this issue is foreclosed as recognized in *United States v. Mitchell*, 484 F.3d 762, 776 (5th Cir. 2007). Next, he contends that the district court erred by applying U.S.S.G. § 2K2.1(a)(4) to increase his base offense level because he had a prior conviction for a crime of violence, as defined in U.S.S.G. § 4B1.2(a). He asserts that his prior conviction for Texas robbery does not qualify as a crime of violence, but he correctly concedes that this argument is foreclosed by our holding concerning the generic enumerated offense of robbery as set forth in *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 380–81 (5th Cir. 2006),

No. 17-11244

## I. TYC Records

Quintanar argues that the incident reports in the TYC records are the equivalent of bare arrest records, on which a district court may not rely at sentencing. *See United States v. Windless*, 719 F.3d 415, 420 (5th Cir. 2013). Because Quintanar specifically objected only to the district court's preponderance-of-the-evidence findings, we review his challenge to the district court's consideration of the TYC records for plain error. *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). Under that standard, Quintanar must show "(1) an error (2) that was clear or obvious (3) that affected his substantial rights." *United States v. Avalos-Martinez*, 700 F.3d 148, 153 (5th Cir. 2012) (per curiam). If he does, "we have the discretion to correct the error if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

Due to the lack of binding authority that puts Quintanar's argument beyond reasonable debate, he cannot show that any error was clear or obvious. *See United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015); *United States v. Ellis*, 564 F.3d 370, 377–78 (5th Cir. 2009). Moreover, even if the district court did commit clear or obvious error by relying on the incident reports in the TYC records, Quintanar cannot show that the error affected his substantial rights; the district court primarily relied on "other significant, permissible factors," such as his four adjudicated juvenile assaults and eight adult convictions, when determining that an upward variance was appropriate. *See United States v. Rodriguez-Rodriguez*, 775 F.3d 706, 714 (5th Cir. 2015)

---

*overruled on other grounds by United States v. Rodriguez*, 711 F.3d 541, 547–63 (5th Cir. 2013).

(quoting *United States v. Williams*, 620 F.3d 483, 495 (5th Cir. 2010)).  Thus, the district court did not commit plain error.

## II.  Unadjudicated Juvenile Incidents

The information underlying Quintanar's unadjudicated juvenile assault incidents was based on offense reports from the Fort Worth Police Department. Quintanar argues that the information lacked sufficient indicia of reliability because the complainants' accounts were not corroborated and because police officers are generally motivated to create actionable cases.

We review criminal sentences for reasonableness using an abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  In making that determination, we review the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error.  *United States v. Hinojosa*, 749 F.3d 407, 411 (5th Cir. 2014).  Facts used to determine a sentence must be supported "by a preponderance of the relevant and sufficiently reliable evidence."  *United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013) (quoting *United States v. Betancourt*, 422 F.3d 240, 247 (5th Cir. 2005)).

"Generally, a PSR 'bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations.'" *United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014) (per curiam) (quoting *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012)). Information from police reports may be sufficiently reliable.  *Id.*  Further, a district court may consider hearsay when making its determinations.  *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010).  "The defendant bears the burden of presenting rebuttal evidence to demonstrate that the information in the PSR is inaccurate or materially untrue."  *United States v. Cervantes*, 706 F.3d 603, 620–21 (5th Cir. 2013) (brackets omitted) (quoting *United States v. Scher*, 601 F.3d 408, 413 (5th Cir. 2010) (per curiam)).

No. 17-11244

Here, the information in the PSR was drawn from Fort Worth Police Department offense reports and included detailed information about the alleged assaults. The offense reports described each complainant's account of the assault as well as what the officers viewed upon arriving at the scene. Although Quintanar objected to the district court's findings as a violation of his Fifth and Sixth Amendment rights, he did not claim the facts were inaccurate nor did he provide any rebuttal evidence to demonstrate the information in the PSR was unreliable. Thus, the district court did not err.

The district court's judgment is AFFIRMED.