# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 5, 2021

Lyle W. Cayce
Clerk

No. 20-20449
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

VICENTE GALVEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-184-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Vicente Galvez pleaded guilty to illegally reentering the United following a previous removal, which was subsequent to a felony conviction. His guidelines imprisonment range was eight to 14 months. The district court cited several of the 18 U.S.C. § 3553(a) sentencing factors and varied

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

upward, sentencing Galvez to 60 months of imprisonment and a three-year term of supervised release. Galvez timely appealed and now challenges the reasonableness of his sentence.

The Government seeks to enforce the appeal waiver in Galvez's plea agreement. Galvez seeks to avoid the waiver provision, asserting that he agreed to it unknowingly and involuntarily and that the Government breached the plea agreement. In the interest of judicial efficiency, we pretermit the non-jurisdictional appeal waiver issue and proceed to the merits of Galvez's sentencing arguments. *See United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006). "We review the reasonableness of a sentence for abuse of discretion, whether it is inside or outside the guidelines range." *United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011).

*Procedural reasonableness*

Galvez argues that his sentence is procedurally unreasonable because the district court based its choice of sentence on three separate erroneous and material assumptions: (1) that he had benefitted from a fast-track sentence reduction in another case, (2) that he could have been, but was not, arrested and convicted for illegal reentry following many of his prior convictions, and (3) that he committed mail theft in a pending state case for criminal trespass.

"Sentences based upon erroneous and material information or assumptions violate due process." *United States v. Gentry*, 941 F.3d 767, 788 (5th Cir. 2019) (internal quotation marks and citation omitted), *cert. denied*, 140 S. Ct. 2731 (2020). The burden is on Galvez "to demonstrate that the district court relied on erroneous assumptions or materially untrue information." *United States v. Evans*, 941 F.2d 267, 273 (5th Cir. 1991). Having carefully reviewed the record, we conclude that there was no procedural error here because, even accepting as true that the district court

made the alleged assumptions, they were either not erroneous or not material to the district court's choice of sentence. *See Evans*, 941 F.2d at 273.

*Substantive reasonableness*

"A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Galvez argues that the district court relied on an improper factor, i.e., the leniency of his prior sentences, in choosing his sentence. Although Galvez objected to the substantive reasonableness of his sentence in the district court, he did not alert the district court to this particular argument, and we review it only for plain error. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009); *see also Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020); *United States v. Wooley*, 740 F.3d 359, 367 (5th Cir. 2014). In light of the district court's specific statements that it did not rely on any improper factors and that it was sentencing Galvez only on the current count of conviction, Galvez has not shown plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Rodriguez-Rodriguez*, 775 F.3d 706, 713-14 (5th Cir. 2015).

Galvez also contends that there is no rational basis for the extent of the variance here and that his 60-month sentence is greater than necessary to accomplish the goals of sentencing. He contends that the upward variance here was based primarily on his dated criminal history and the alleged assumptions listed above. However, he ignores the fact that his low criminal history score was the result of the temporal remoteness of all but one of his prior convictions. He also ignores the district court's reliance on his use of

numerous alias names, dates of birth, Social Security numbers, and fraudulent identifications. Further, Galvez's argument that certain § 3553(a) sentencing factors were weighed too heavily because they were already taken into account by the guidelines calculation is unavailing. *See United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010).

With respect to the extent of the variance, the 60-month sentence was 46 months higher than the high end of the guidelines range. We have upheld much greater variances. *See Key*, 599 F.3d at 471-72, 475-76 (affirming a sentence of 216 months where the guidelines range was 46 to 57 months); *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006) (affirming an upward variance to 120 months from a guidelines range of 46 to 57 months); *United States v. Smith*, 417 F.3d 483, 485, 492 (5th Cir. 2005) (affirming a sentence of 120 months where the guidelines range was 33 to 41 months). Taking into account the totality of the circumstances and keeping in mind the high level of deference we must afford the district court's decision that the § 3553(a) factors justify the extent of the variance, *Gall v. United States*, 552 U.S. 38, 51 (2007); *see United States v. Hoffman*, 901 F.3d 523, 554 (5th Cir. 2018), we conclude that the 60-month sentence was not substantively unreasonable.

AFFIRMED.