# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-30384

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JONATHAN F. HARRIS,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:22-CR-215-1

———————————————————————

Before HAYNES, HIGGINSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Jonathan F. Harris appeals his 180-month sentence for his conviction, pursuant to a guilty plea, of violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).[1] Harris argues the district court erred when it adopted the criminal

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

[1] Harris was also sentenced to 60 months' imprisonment for his conviction, pursuant to a guilty plea, of violating 18 U.S.C. § 924(c)(1)(A). The district court ordered Harris' 60-month sentence to run consecutive to his 180-month sentence. Harris does not challenge the § 924(c)(1)(A) sentence on appeal.

No. 24-30384

history calculation from the presentence investigation report, which added a point for a prior conviction that occurred outside the ten-year look back period specified by U.S.S.G. § 4A1.2(e)(2), resulting in a higher sentencing guideline range. Harris requests that we vacate his sentence and remand for resentencing by the district court.

The Government now moves to remand the case for resentencing, conceding that the district court's calculation constitutes plain error.[2] Harris does not oppose the Government's motion.

Accordingly, Harris' 180-month sentence is VACATED and the motion to remand for resentencing is GRANTED.

---

[2] Because Harris argues for the first time on appeal that the district court erred in assessing him one additional criminal history point based on a prior conviction outside U.S.S.G. § 4A1.2(e)(2)'s ten-year look back period, plain error review applies. *United States v. Rodriguez-Rodriguez*, 775 F.3d 706, 709–10 (5th Cir. 2015).